[No. A047782. First Dist., Div. Four. Jan. 15, 1991.]

JAMES J. BERNARD et al., Plaintiffs and Appellants, v. HARTFORD FIRE INSURANCE COMPANY et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Joel P. Gumbiner and David W. Rudy for Plaintiffs and Appellants.

Gordon & Rees, Donald W. Rees and Carole E. Reese for Defendants and Respondents.

OPINION

POCHÉ, Acting P. J.—Plaintiffs James J. Bernard and James J. Bernard, Inc., doing business as La Barca Restaurant, appeal from a judgment entered upon the granting of a motion for summary judgment in favor of defendant, Hartford Fire Insurance Company. For reasons set forth in the unpublished portion of the opinion, we affirm the judgment.

We publish the following portion of the opinion to emphasize that, despite certain rule changes designed to make appeals speedier and less costly, certain enduring principles of appellate practice remain unchanged.

### I.   Appellate Record

The record on this appeal was prepared under California Rules of Court, rule 5.2 which permits parties in courts of appeal to stipulate to the use of

the original superior court file in lieu of the standard clerk's transcript created from photocopies of the file documents. Since the purpose of the procedure is to reduce the time and expense of preparing a clerk's transcript, the parties receive from the superior court only a chronological index indicating the beginning page of each named document. Each party then composes its own working copy of a clerk's transcript using the copies of the documents it already possesses, arranging them in the order set out in the index.

█ The rule states that "[t]he clerk shall send copies of the index to counsel . . . for use in paginating their files in accordance with the chronological index." Unless the parties add pagination to their working copies, as the rule clearly intends that they do, their versions of the clerk's transcript will not be sequentially numbered, although the file of original documents transmitted to this court will be.

It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations. (Cal. Rules of Court, rule 15(a); *People* v. *Woods* (1968) 260 Cal.App.2d 728, 731 [67 Cal.Rptr. 396].) Briefs which do not meet this requirement may be stricken. (Cal. Rules of Court, rule 18.) As practical matter, the appellate court is unable to adequately evaluate *which facts* the parties believe support their position when nothing more than a block page reference is offered in the briefs—e.g., "C.T. pp. 1-20", which upon examination turns out to be 20 nonsequential pages of deposition testimony. The problem is especially acute when, as here, the appeal is taken from a summary judgment.

We reiterate for the benefit of these parties and for other parties who may elect to use the superior court file that proceeding under rule 5.2 does not relieve either party of its obligation to provide this court with explicit page citations to the record.

## II. Discussion*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote, *ante,* page 1203.

We affirm the judgment.

Perley, J., and Reardon, J., concurred.