Filed 11/18/14  Marriage of Partida and Corpus CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of ROBERTO CARLOS PARTIDA and MARIELA CORPUS. | D065111 |
| ROBERTO CARLOS PARTIDA, | |
| Respondent, | (Super. Ct. No. ED82332) |
| v. | |
| MARIELA CORPUS, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Steven E. Stone, Judge.  Affirmed.

Mariela Corpus, in pro. per., for Appellant.

Roberto Partida, in pro. per., for Respondent.

Mariela Corpus (Mother) appeals from an order modifying a coparenting schedule with her former husband, Roberto Partida (Father). We affirm.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Mother and Father separated shortly after they married in 2010. Their child was born in May 2011. In 2012, the court entered an order providing that Mother and Father would share joint legal custody; the child would reside primarily with Mother; and Father would have visitation/coparenting rights.

The next year, one of the parents (unclear from the record which parent) sought to modify the visitation schedule. The matter was referred to Family Court Services (FCS). After meeting with the parents, on July 31, 2013, a FCS mediator prepared a modified parenting plan. The plan reaffirmed that the child would reside primarily with Mother, but made adjustments in the schedule to provide Father with more time with the child. Under the new schedule, Father was entitled to custody: (1) on Mondays and Fridays all day until the evenings; (2) Wednesday mornings through Thursday mornings; and (3) alternate weekends. The child was to be in Mother's custody at all other times. Both parents signed the proposed coparenting schedule, reflecting agreement with the new schedule.

In their appellate briefs, both parties state that Mother later changed her mind and disagreed with the new schedule. A second FCS mediation was scheduled to discuss this issue, but Mother failed to appear at this mediation.

---

[1]    Each party provides a statement of facts unsupported by the appellate record. We disregard these statements. (*Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 481, fn. 1.) We are limited to considering only the facts contained in the designated appellate record. (*People v. Neilson* (2007) 154 Cal.App.4th 1529, 1534.) This record consists of a clerk's transcript containing two Family Court Services reports, the challenged court order, and various procedural filings. There is no reporter's transcript.

Father then moved to confirm the FCS stipulated schedule. A court hearing was held on November 26, 2013. Mother and Father were both present at the hearing. After the hearing, the court noted that Mother now objected to the FCS stipulated schedule, but also noted that Mother had failed to appear at the second scheduled mediation. After considering the FCS plan and the party's arguments, the court confirmed the new schedule. On December 4, 2013, the court entered a written order adopting the FCS stipulated plan.

Mother appeals.

DISCUSSION

Mother contends the court erred in accepting the modified coparenting schedule prepared by FCS. She says that the schedule is contrary to her child's best interests and that it provides too much visitation time for Father. She also argues that the court erred in refusing to accept that she had a valid excuse for missing the second mediation session.

I. *General Appellate Law Principles*

Mother is not represented by an attorney in this appeal. However, unrepresented litigants are held to the same standards as attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

It is a fundamental rule of appellate law that the lower court's ruling is presumed to be correct. We are required to make all reasonable inferences favoring the court's order, and affirm the judgment if any possible grounds exist for the trial court to have reached its factual conclusions. (*Gee v. American Realty & Construction, Inc*. (2002) 99 Cal.App.4th 1412, 1416.) As the party seeking reversal, the appellant has the burden to

3

provide an adequate record to overcome the presumption of correctness and show prejudicial error. (See *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.)

In this case, Mother did not provide a reporter's transcript of the relevant hearing. An appellant who challenges an order without supplying a reporter's transcript of the proceedings cannot prevail on a challenge to the sufficiency of the evidence. (*City of Chino v. Jackson* (2002) 97 Cal.App.4th 377, 385.) Without a reporter's transcript, we cannot evaluate issues requiring a factual analysis and must presume "the trial court acted duly and regularly and received substantial evidence to support its findings." (*Stevens v. Stevens* (1954) 129 Cal.App.2d 19, 20; see *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.)

Additionally, it is the party's duty "to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations." (*Bernard v. Hartford Fire Ins. Co*. (1991) 226 Cal.App.3d 1203, 1205.) An appellant challenging the factual basis of a court's conclusion must also set forth, discuss, and analyze all the evidence on that point, both favorable *and unfavorable*. (See *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738.) In her appellate brief, Mother provided no citations to the factual record or to legal authorities, nor did she discuss Father's evidence.

## II. *Legal Principles Regarding Custody Modification Requests*

A court has broad discretion to modify coparenting/visitation arrangements if the change is in the child's best interest. (See *Chalmers v. Hirschkop* (2013) 213 Cal.App.4th

4

289, 305; *In re Marriage of Lucio* (2008) 161 Cal.App.4th 1068, 1080.)  "The test is not whether this court would have made the same order or whether the trial court could have reasonably made some other order, but 'whether the trial court could reasonably have concluded that the order in question advanced the "best interest" of the child.' [Citation.]"  (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 595.)  We may not reverse the court's best-interests determination unless the court's decision was " ' "arbitrary, capricious, or patently absurd." ' "  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318.)

### III.  *Analysis*

In her appellate brief, Mother argues that she "felt as if her needs and wants were not met nor taken into consideration" in the July 2013 FCS report.  She argues that she was "pressured" to sign the report, and that the court should have accepted her explanation as to why she missed the second FCS mediation.  She also argues that her child should not spend so much time with Father because the child does not want to do so.

These arguments do not show reversible error.  We have reviewed the FCS report and the coparenting schedule.  On its face, the schedule appears to be fair and equitable.  Under established appellate rules, we are required to presume that the court considered Mother's arguments and challenges to the stipulated plan, but rejected those arguments and found the FCS schedule to be in the child's best interest.  Without a transcript of the hearing, we presume substantial evidence supported the court's determinations.

Mother argues that Father is not a suitable parent to have custody of the child for substantial periods.  In so doing, she is essentially requesting that we reweigh the facts

5

and reach different conclusions than did the trial court.  An appeal is not a second trial.  The role of an appellate court is limited to determining whether the evidence supports the court's findings and/or whether the court made any legal errors.  In performing this review, we cannot reweigh the evidence.  (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)  When considering a claim that the evidence does not support the court's ruling, "[w]e resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value."  (*Ibid.*)

Under these principles, Mother's assertion that there are facts supporting a different parenting plan does not show error.  Even if there is conflicting evidence, we are bound by the court's resolution of those conflicts and are bound by the court's factual conclusion that a particular custody arrangement is in the child's best interests.  (See *Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630-631.)

Mother additionally argues that after attempting the new schedule for five months, it has not worked out and it is difficult for her and the child.  She complains that the child spends much of Father's custody time with Father's parents and others, rather than with Father.  She also argues that Father has repeatedly called law enforcement to check on Mother's home and makes negative comments about Mother, and that this conduct "disrupts the peace."  Mother also says there is a strong "possibility that [Father] took [the child] out of San Diego without notifying [Mother] [and] this goes against the court orders and [Father's] actions should be punished."

6

For the reasons discussed above, these factual arguments are not a basis for reversing the court's order. Additionally, many of these arguments appear to concern events occurring after the court's order. These post-order events are not before us. Matters occurring after entry of the appealed order are not reviewable. (*Truong v. Nguyen* (2007) 156 Cal.App.4th 865, 882; *In re Marriage of Folb* (1975) 53 Cal.App.3d 862, 877, disapproved on other grounds in *In re Marriage of Fonstein* (1976) 17 Cal.3d 738, 749, fn. 5.) Our review of an order is generally limited to the record before the court at the time the order was entered. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

The family court remains the appropriate forum in which to raise any subsequent developments pertaining to the child's best interests. "This rule preserves an orderly system of appellate procedure by preventing litigants from circumventing the normal sequence of litigation." (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.)

## DISPOSITION

Order affirmed. Appellant to bear respondent's costs on appeal.

HALLER, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

7