Filed 5/5/21  Harding v. Tehachapi Unified School Dist. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RAJA HARDING,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>Defendant and Respondent. | Consolidated Cases Nos.<br>F077708, F078127<br><br>(Super. Ct. No. BCV16102557)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Raja Harding, in pro. per., for Plaintiff and Appellant.

Zimmer & Melton, T. Mark Smith and Dennis P. Gallagher II; Clifford & Brown and Arnold J. Anchordoquy for Defendant and Respondent.

-ooOoo-

This is a consolidated appeal from an April 26, 2018 judgment and a June 27, 2018 postjudgment order of the Kern County Superior Court.

Plaintiff Raja Harding filed a lawsuit against defendant Tehachapi Unified School District (District). She alleged four causes of action: (1) discrimination based on disability; (2) unlawful denial of reasonable accommodation for disability; (3) failure to engage in a timely good faith interactive process; and (4) failure to prevent discrimination. During a pretrial hearing, plaintiff's motion to dismiss the second and fourth causes of action was granted. Following the trial, the jury rendered a verdict in defendant's favor. Plaintiff filed a motion to tax costs, which was subsequently denied by the superior court.

Plaintiff, representing herself on appeal, appears to contend: (1) the superior court erroneously granted defendant's motion to preclude some of her expert witness's testimony; (2) the superior court erroneously excluded from evidence an unredacted version of an e-mail she sent to District's superintendent; and (3) the verdict was not supported by the evidence.[1] She does not challenge the court's denial of her motion to tax costs.

We affirm the judgment and the postjudgment order.

## **FACTUAL AND PROCEDURAL BACKGROUND**

The following background is taken from the appellate record, which consists of the clerk's transcript only.

---

[1] Plaintiff makes other contentions in her briefs that are not listed "under a separate heading or subheading," in violation of California Rules of Court, rule 8.204(a)(1)(B). We decline to address them. (See, e.g., *Silverado Modjeska Recreation & Park Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 314, fn. 24; *Sierra Club v. City of Orange* (2008) 163 Cal.App.4th 523, 542.)

In addition, at oral argument, plaintiff raised other issues for the first time. "An appellate court is not required to consider any point made for the first time at oral argument, and it will be deemed waived." (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356-357, fn. 6.)

District hired plaintiff as a French language instructor at Tehachapi High School starting in the Fall of 2015. Plaintiff, who did not have a teaching credential, obtained a temporary waiver that was set to expire on December 10, 2015. On that date, plaintiff met with several Tehachapi High School officials. She purportedly informed them she was dyslexic and requested reasonable accommodations.

A letter dated December 11, 2015, from Timothy Beard—District's director of personnel services—to plaintiff read:

> "It has come to [District's] attention that the credential which currently authorizes your service as a French teacher has expired. You do not possess any other certificate authorizing service as a teacher. As a result, you are ineligible for service as a certificated employee as of December 10, 2015.

> "Based on the foregoing, effective immediately, you will be placed on unpaid status for the remainder of the 2015/2016 school year.

> "If the District's records are incorrect, it is your responsibility to promptly notify me and to provide copies of certificates issued by the California Commission on Teacher Credentialing and registered with the Kern County Office of Education authorizing service in your current assignment of French Teacher.

> "This letter also constitutes notice of your non-reelection for the ensuing school year pursuant to Education Code section 44929.21, subdivision (b)."

A letter dated March 1, 2016, from Beard to plaintiff regarding "Notice of Non-Reelection" read:

> "Pursuant to Education Code section 44929.21, a copy of which is attached hereto, you are hereby notified that [District's governing board] took action on February 9, 2016, to non-reelect you from your certificated position. As such, you will not be reemployed by the District for the 2016-2017 school year and your employment with the District will terminate at the conclusion of the current school year."

A letter dated March 22, 2016, from Beard to plaintiff regarding "Notice of Unprofessional Conduct: Failure to Report for Duty" read:

3.

"As you know, you were employed for the 2015/2016 school year to teach French. However, the credential authorizing you to teach French expired on December 10, 2015. Consequently, you were ineligible to serve as a teacher and [District] had no alternative but to place you on unpaid status. On or about December 11, 2015, you were given written notice of your placement on unpaid leave pending renewal of your credential and you were further notified that you are nonreelected for employment for the ensuing 2016/2017 school year.

"On or about February 10, 2016, you notified the undersigned via e[-]mail that the [California Commission on Teacher Credentialing] issued a credential allowing you to immediately return to work. Consequently, I directed you to return to work the following day. As of the date of this letter, you failed to report to work as directed.

"On or about February 29, 2016, you were further advised via legal counsel that you have the option of resigning if you do not wish to complete the school year, but since then you have neither tendered your resignation nor have you reported to work.

"As a certificated employee, you are subject to Education Code sections 44420 and 44433. Education Code section 44420 provides that certificated employees who, without good cause, do not fulfill a valid contract of employment with the District or leave without consent are subject to discipline. Further, Education Code section 44433 provides that a teacher who leaves [his or her] school before the expiration of a specified period of time, without consent, is guilty of unprofessional conduct and is subject to discipline.

"You are also subject to the Rules of Conduct for Professional Educators codified under the California Code of Regulations, title 5, article 3, which provides in part that, '[a] certificated person shall not abandon professional employment without good cause.' (Cal. Code Regs., tit. 5, § 80333, subd. (a).)

"You have been absent from your position for more than one month without excuse or authorization from the District. Such unauthorized absence constitutes a continuing violation of California Code of Regulations, title 5, section 80333. Your conduct is also subject to discipline by the California Commission on Teacher Credentialing pursuant to the above-mentioned Education Code sections 44420 and 44433.

4.

"You are directed to immediately contact the District to clarify your intentions for the remainder of this school year and to timely comply with all further requests from the District concerning your employment."

On October 27, 2016, plaintiff filed her lawsuit. Plaintiff disclosed her intent to offer at trial the testimony of Dr. Mara Tansman, a licensed psychologist, "regarding any learning/mental disabilities [she] has including dyslexia" as well as "methods for accommodating (in the workplace) [these] learning/mental disabilities." In a motion in limine, defendant asked the superior court to preclude Tansman's testimony. The court denied the motion without prejudice.

Jury trial commenced on April 17, 2018. On the third day of trial, defendant renewed its motion pertaining to Tansman's testimony. The court conducted a hearing pursuant to Evidence Code section 402. Thereafter, it granted defendant's motion in part.

On the fifth day of trial, the court admitted into evidence a "revised redacted" (capitalization omitted) copy of an e-mail sent by plaintiff to Susan Andreas-Bervel—District's superintendent—on December 13, 2015. The unredacted portion read: "Good Morning Mrs. Andreas-Bervel I am the the French teacher that was hired at the beginning or the year. . . . I apologized and said I try vey hard not to let my slight disability with numbers get in the way of my work. . . . despite my slight disability that most of the time I catch and fix. . . . I ask to meet with you at your earliest convenience. Cordially, Rachel Harding." (*Sic*.)

In a "Special Verdict Form 'B' [Failure to Engage in Interactive Process]" (boldface & some capitalization omitted), the jury concluded plaintiff had a "mental disability that limited her ability to teach high school French courses," but she did not ask defendant to "make reasonable accommodations for her alleged mental disability so that she would be able to perform the essential job requirements of a high school French teacher." In a "Special Verdict Form 'A' [Disability Discrimination]" (boldface & some capitalization omitted), the jury concluded defendant knew plaintiff had a mental disability, but plaintiff was unable to "perform the essential job duties of a French teacher

with reasonable accommodation for her alleged mental disability." Judgment was entered in favor of defendant.

## DISCUSSION

### I. Standard of review

"On appeal, we must presume the trial court's judgment is correct. [Citation.] In service of that rule, we adopt all intendments and inferences to affirm the judgment or order unless the record expressly contradicts them. [Citation.]" (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.) "It is the burden of the party challenging a judgment on appeal to provide an adequate record to assess error. [Citation.] Thus, an appellant must not only present an analysis of the facts and legal authority on each point made, but must also support arguments with appropriate citations to the material facts in the record. If he fails to do so, the argument is forfeited. [Citation.]" (*Ibid*.)

"The California Rules of Court provide an appellant with a choice of several types of records upon which to take an appeal. The choices include a reporter's transcript, a clerk's transcript, an agreed statement and a settled statement. [Citation.]" (*Nielsen v. Gibson*, *supra*, 178 Cal.App.4th at p. 324.) When the reporter's transcript is not provided by an appellant, as is the case here, "we must treat this as an appeal 'on the judgment roll,' " " ' "conclusively presume that the evidence is ample to sustain the [superior court's] findings," ' " and limit our review "to determining whether any error 'appears on the face of the record.' [Citations.]" (*Id.* at pp. 324-325.)

### II. Analysis

Plaintiff's election to proceed without the reporter's transcript precludes an evaluation of issues requiring a factual analysis. (See *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.) Additionally, her briefs do not contain any citations to the appellate record. (See *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 ["It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations."].) Her briefs also

incorporate materials that are not part of the record. (See *Citizens Opposing a Dangerous Environment v. County of Kern* (2014) 228 Cal.App.4th 360, 366, fn. 8 [" 'Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs.' "].)

A.    *The superior court's ruling on defendant's motion to preclude part of plaintiff's expert's testimony.*

Plaintiff argues Tansman's testimony was limited by the court "for lack of foundation and requisite knowledge" and because "Tansman lacked the school experience to suggest ways of accommodations to the [plaintiff]." She asserts such a ruling is contrary to the law.

Defendant points out that the appellate record is silent as to the basis and scope of the trial court's ruling, characterizes plaintiff's legal argument as "a disjointed treatise on expert testimony," and notes a failure by plaintiff "to establish any prejudice based upon the record." Defendant's position is persuasive.

The clerk's transcript reflects that, on day three of the trial, "[c]ourt and counsel discuss[ed] evidentiary matters." The court then held an Evidence Code section 402 hearing during which Tansman testified "on behalf of the plaintiff." After counsel "argue[d] the issue," "[d]efendant's renewed motion to exclude witness testimony [was] granted as stated." The jury trial resumed with the testimony of two other witnesses prior to plaintiff calling Tansman. Tansman then testified "on behalf of the plaintiff."

Without the reporter's transcript, we are unable to determine what the court heard, what arguments were made, what the basis was for the court's ruling, and what impact the ruling had on the result of the trial.

B.    *The superior court's exclusion from evidence of an unredacted version of the December 13, 2015 e-mail sent to District's superintendent.*

Plaintiff claims the unredacted version of her e-mail to Andreas-Bervel was not hearsay. She argues, "Non-hearsay admissible could have led to discovery of

7.

admissibility." Plaintiff also asserts she does not believe the superintendent's "claim[] she never received [it]."

Defendant argues the unredacted version of the e-mail was plaintiff's exhibit and was an out-of-court statement by her offered to prove the truth of the matter asserted. As such, defendant asserts, it was inadmissible hearsay. Defendant also asserts plaintiff failed to establish any prejudice from the ruling pointing out that she testified before the jury. Finally, defendant claims there is nothing in the record to show plaintiff objected to the redaction.

Plaintiff responds that the e-mail would have corroborated her testimony.

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous exclusion of evidence unless the court which passes upon the effect of the error or errors is of the opinion that the error or errors complained of resulted in a miscarriage of justice and it appears of record that: [¶] (a) The substance, purpose, and relevance of the excluded evidence was made known to the court by the questions asked, an offer of proof, or by any other means; [¶] (b) The rulings of the court made compliance with subdivision (a) futile; or [¶] (c) The evidence was sought by questions asked during cross-examination or recross-examination." (Evid. Code, § 354.) It does not appear of record that subdivision (a), subdivision (b), or subdivision (c) of Evidence Code section 354 has been satisfied.

C. *The sufficiency of the evidence to support the verdict.*

Sufficiency of the evidence cannot be discerned without the reporter's transcript because, without it, it cannot be determined what the evidence was. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.) Hence the rule that, "an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

8.

D.    *Conclusion*.

Since no error is apparent on the face of the appellate record, the judgment must be, and therefore is, conclusively presumed correct.  (*Estate of Fain*, *supra*, 75 Cal.App.4th at p. 992.)

## **DISPOSITION**

The April 26, 2018 judgment and June 27, 2018 postjudgment order are affirmed. Costs on appeal are awarded to defendant Tehachapi Unified School District.


DETJEN, J.

WE CONCUR:


HILL, P.J.


POOCHIGIAN, J.

9.