Filed 12/15/21  Roadrunner Realty v. Washington CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROADRUNNER REALTY, INC., | |
| Plaintiff and Respondent, | E074552 |
| v. | (Super. Ct. No. CIVMS1900157) |
| ISIAH WASHINGTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John W. Burdick, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Law Offices of Zulu Ali & Associates, Zulu A. Ali and Destiney J. Johnson, for Defendant and Appellant.

Klinkert, Gutierrez & Neavel, James E. Klinkert, Paul J. Gutierrez and Kelly A. Neavel, for Plaintiff and Respondent.

1

# I.

# INTRODUCTION

An appellant must follow several rules to have any chance of succeeding on appeal. One of those rules is that the appellant must "support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations. [Citations.]" (*Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205.) Another rule is that when an appellant argues the trial court's order lacks sufficient evidentiary support, the appellant must "set forth in their brief *all* the material evidence on the point and *not merely their own evidence*." (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) A third rule is that an appellant must support its arguments with appropriate authority whenever possible. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) When an appellant violates any of these rules, we may—and usually will—find that the appellant forfeited its improperly briefed argument (or arguments). (*Foreman & Clark Corp. v. Fallon*, *supra*, at p. 881; *Bernard v. Hartford Fire Ins. Co*, *supra*, at p. 1205.)

That is what we do here. Appellant Isiah Washington's opening brief cites none of the extensive evidence supporting the trial court's order that he appeals. And even though the record spans over 180 pages, Washington provides no record citations beyond a few citations to the reporter's transcript. Washington also fails to support one of his main arguments without any authority. Because of the deficiencies in Washington's

opening brief, we conclude Washington forfeited all of his claims of error. We therefore affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and respondent, Roadrunner Realty, Inc. is a property management company. Washington lives at a property that Roadrunner manages. For months, Washington repeatedly harassed Roadrunner's employees at their workplaces and online. Among other things, Washington threatened the employees, yelled profanities at them, took video recordings of them on his phone, made threatening statements and gestures, and demanded money from them. He also took screenshots of one employee's Facebook friends and sent that employee an email saying that he hoped she got what she deserved. At least 13 Roadrunner employees felt threatened by Washington's behavior.

Roadrunner therefore petitioned for a workplace violence restraining order against Washington. After receiving oral and written testimony from multiple Roadrunner employees, the trial court granted Roadrunner's petition and issued a restraining order against Washington. As part of its order, the trial court ordered Washington not to contact 13 of Roadrunner's employees in any way, enter their workplaces, or try to obtain personal information about them.

Washington timely appealed.

3

III.

DISCUSSION

Washington argues the trial court erroneously issued its restraining order against him because the order lacks sufficient evidentiary support and he did not receive a fair trial. We conclude Washington forfeited any argument he may have on both points.

Every party must appropriately cite the record in its briefs. (*Bernard v. Hartford Fire Ins. Co.*, *supra*, 226 Cal.App.3d at p. 1205.) We are "'not required to search the record on its own seeking error.' [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*).) Thus, if an appellant fails to support an argument with appropriate record citations, we find the argument forfeited. (*Ibid*.)

Washington's opening brief does not properly cite the record. In his recitation of the facts and procedural history, Washington does not provide a single record cite. The argument section in his opening brief likewise does not contain any record citations, save for a few citations to a handful of pages of testimony from one of the many Roadrunner employees who testified. Because Washington failed to appropriately cite the record, he forfeited any argument that the trial court erred. (See *Nwosu*, *supra*, 122 Cal.App.4th at p. 1246; see also *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125 [appellant must affirmatively show prejudicial error because trial court's judgment is presumed correct].)

For a related reason, Washington forfeited his argument that the restraining order is not supported by substantial evidence. (See *City of Los Angeles v. Herman* (2020) 54

4

Cal.App.5th 97, 102 [workplace violence restraining orders reviewed for substantial evidence].) "[A]n attack on the evidence without a fair statement of the evidence is entitled to no consideration when it is apparent that a substantial amount of evidence was received on behalf of the respondent." (*Nwosu*, *supra*, 122 Cal.App.4th at p. 1246.) Thus, "[a]n appellant . . . who cites and discusses only evidence in her favor fails to demonstrate any error and waives the contention that the evidence is insufficient to support the judgment. [Citations.]" (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408; see also *Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 [appellant forfeited issue on appeal because it did not "set forth, discuss, and analyze all of the evidence on that point, both favorable and unfavorable" in opening brief].)

Washington's opening brief does not mention any of the evidence supporting the trial court's restraining order. For instance, Washington does not mention the multiple employee declarations Roadrunner filed in support of its petition. He also omits any discussion of the testimony from multiple Roadrunner employees while quoting only a brief portion of one employee's testimony. By failing to accurately discuss the record, Washington did not provide a fair statement of the evidence. Washington therefore forfeited his argument that substantial evidence does not support the trial court's restraining order. (*Foreman & Clark Corp. v. Fallon*, *supra*, 3 Cal.3d at p. 881; *Nwosu*, *supra*, 122 Cal.App.4th at p. 1246.)

We also conclude Washington forfeited his argument that he did not receive a fair trial for two reasons. First, he cites no evidence that is the subject of the argument. (*Nwosu*, *supra*, 122 Cal.App.4th at p. 1246.) Second, he does not support his position with any legal authority or reasoned argument. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822, fn. 6.)

Because of the deficiencies in Washington's opening brief, he forfeited all of his arguments and, in turn, failed to show the trial court erroneously issued the restraining order against him. (See *Bianco v. California Highway Patrol*, *supra*, 24 Cal.App.4th at p. 1125.) We therefore affirm the order.

## IV.

## DISPOSITION

The trial court's restraining order against Washington is affirmed. Roadrunner may recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


McKINSTER
Acting P. J.


FIELDS
J.