Filed 7/6/22  Rosa V. v. Ali H. CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ROSA V., | H047642 |
| | (Santa Clara County |
| Appellant, | Super. Ct. No. 2013-1-CP-020909) |
| v. | |
| ALI H., | |
| Respondent. | |

Appellant Rosa V. filed a notice of appeal seeking review of an order denying her request for a restraining order against respondent Ali H.  As appellant has failed to meet her burden to show error on the trial court's part in doing so, we will affirm the order.

## I.  BACKGROUND[1]

Appellant commenced this appeal in December 2019 by filing a notice of appeal from a "judgment after court trial" entered in November 2019.  Pursuant to California Rules of Court, rule 8.100(g),[2] appellant filed a Civil Case Information Statement (CCIS), to which she attached a findings and order after hearing filed in the trial court in December 2019, following a hearing in November 2019.[3]  In the order, the trial court

---

[1] As discussed, *post*, appellant failed to comply with various procedural requirements in briefing this appeal, limiting this court's ability to recite the factual and procedural background underlying the matter.  We provide this brief statement to give context to the discussion of the deficiencies in appellant's briefs.

[2] Undesignated references to rules of court are to the California Rules of Court.

[3] Appellant did not designate the December 2019 order as part of the record.  This court, on its own motion, takes judicial notice of that order.

denied appellant's request for a domestic violence restraining order against respondent, and dismissed the temporary restraining order that had previously been issued against respondent. The court issued certain "conduct orders," and made orders regarding custody and visitation of the parties' minor child. In her CCIS, appellant described the nature of the action as "dismissal of evidence showing first degree burns, pain and suffering and abuse disclosures."

On its own motion, this court deemed appellant's notice of appeal filed on the date the trial court issued the written order, such that the appeal of the order denying the restraining order was timely. (Rule 8.104(d).)

## II. DISCUSSION

Unfortunately, consideration of appellant's appeal from the December 2019 order begins and ends with a discussion of the deficiencies in appellant's briefs on appeal. Rule 8.204(a)(2), requires an appellant to "[s]tate the nature of the action, the relief sought in the trial court, and the judgment or order appealed from" in the opening brief, and to explain why the order is appealable. Moreover, each brief filed in an appeal must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).) Specifically, the appellant must include "a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).) Each point raised in the brief must be supported "by argument, and if possible, by citation of authority[.]" (Rule 8.204(a)(1)(C).) Appellant has failed to comply with rule 8.204 in several regards. These deficiencies require us to affirm the trial court's order.

In her briefs, appellant fails to identify the order she is appealing from. It is not clear if she seeks review of the order denying her request for a restraining order, or the custody and visitation orders the trial court made after denying that request. Appellant's description of the nature of the action in the CCIS she filed with this court suggests she seeks review of evidentiary rulings the court made at the hearing. Appellant does not

2

explain why any portions of the December 2019 order are appealable, as required by rule 8.204(a)(2)(A). While the order denying the requested restraining order is independently appealable as an order denying injunctive relief (Code Civ. Proc., § 904.1, subd. (a)(6); see *Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1143 (*Burquet*)), the custody orders are only appealable if they are part of a final judgment, or if they constitute a final order or judgment in a bifurcated proceeding regarding custody and visitation rights (Code Civ. Proc., § 904.1, subd. (a)(1), (6)). Because this court can determine the appealability of the restraining order issue on the face of the December 2019 order, we might be inclined to overlook appellant's failure to comply with rule 8.204(a)(2)(A).

We cannot however overlook the other deficiencies in her briefs. The full effect of appellant's failure to comply with the relevant briefing requirements is more fully understood in connection to the standard of review this court must apply to this matter.[4] We review an order denying a request for a restraining order under the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.) for abuse of discretion, applying the substantial evidence rule to review any of the court's factual findings. (*In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 702 (*Fregoso*); *Burquet*, *supra*, 223 Cal.App.4th at p. 1143.) Appellant bears the burden to show that the court abused its discretion. (See *Fregoso*, at p. 702; *Burquet*, at p. 1141, fn. 1.[5])

In her briefs, appellant purports to set forth the factual history of the trial court proceedings. However, she does so without citing to the record on appeal. Appellant

---

[4] Because we can only confirm the appealability of the order denying the request for a domestic violence restraining order, we will focus our discussion on that issue. The deficiencies in appellant's briefs would similarly limit our ability to review the custody orders, to the extent those are appealable.

[5] Respondent did not raise the deficiencies in appellant's brief in his limited response to appellant's opening brief. He filed a one-page letter, without citation to the record or to any legal authority, asking this court to "not grant" the relief appellant requested. This does not change appellant's burden on appeal. (See *Fregoso*, *supra*, 5 Cal.App.5th at p. 702; *Burquet*, *supra*, 223 Cal.App.4th at p. 1141, fn. 1.)

designated a record consisting of a 490-page clerk's transcript, and nine volumes of reporters' transcripts. Appellant does not cite to this record at any point in either her opening brief or her reply brief. Instead of referencing the designated record, appellant cites to various exhibits that she attached to her briefs. "A party filing a brief may attach copies of exhibits or other materials *in the appellate record* or copies of relevant local, state, or federal regulations or rules, out-of-state statutes, or other similar citable materials that are not readily accessible." (Rule 8.204(d), italics added.) Appellant provides no indication in her briefs that the attached exhibits are part of the record on appeal. In fact, it is clear that at least some of the exhibits are not part of the record, as appellant contends that the trial court did not admit into evidence certain medical records appellant allegedly attempted to introduce. Appellant does not cite to any portion of the record reflecting her attempts to introduce such evidence, or the trial court's order denying admission.

"Because it is [the appellant's] burden to affirmatively demonstrate error, they must provide citations to the appellate record directing the court to the evidence supporting each factual assertion. (Rule 8.204(a)(1)(C); *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 [277 Cal. Rptr. 401] ['It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations.'].) The parties to an appeal may not refer to matters outside the record on appeal. [Citations.] The reviewing court is not required to develop the parties' arguments or search the record for supporting evidence and may instead treat arguments that are not developed or supported by adequate citations to the record as waived. [Citation.]" (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684.) As appellant's arguments are not supported by adequate citations to the record, they are waived.

The deficiencies in appellant's briefing extend not only to her failure to support her factual contentions with citations to the record. She also fails to support her legal

4

contentions with citation to relevant legal authority and appropriate argument. At the outset of her briefs, appellant references Evidence Code sections 1252 ["Evidence of a statement is inadmissible under this article if the statement was made under circumstances such as to indicate its lack of trustworthiness"] and 1561 [concerning affidavits accompanying business records] without providing any explanation—including citation to the record—how these statutes reveal an error in the trial court's order denying the restraining order. Appellant quotes Family Code section 8920, subdivision (c), which defines the term "sibling" as it pertains to visitation rights of children who were adopted as part of a sibling group and later separated through readoption, without explaining how the statute applies to the instant appeal. Appellant includes in her brief what appears to be a table of contents taken from a "California Judges Benchguide" concerning "Family Law Proceedings," again without providing any clarification as to how it relates to this appeal. In her reply brief, appellant references her "right to Trial by Jury" "[u]nder the Sixth Amendment," but does not provide additional discussion.

Given the "fundamental rule of appellate review" that we presume the order being appealed from is correct, appellant is required to provide argument and legal authority to support her contentions that the trial court erred. "This burden requires more than a mere assertion that the [order] is wrong. ' "Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' " [Citation.] It is not our place to construct theories or arguments to undermine the [order] and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citation.]" (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Because appellant does not support her contentions with reasoned arguments and legal authority, she has waived those contentions.

We recognize that appellant represents herself in this appeal, as she did at the trial court. Her self-represented status does not allow this court to afford her greater

5

consideration than other litigants and attorneys; where appropriate we may disregard unsupported factual and legal contentions raised by a party appearing in propria persona. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.) We understand the difficulties encountered by self-represented appellants, and have exercised our discretion to liberally construe appellant's pleadings. (See Cal. Judges. Assn., Jud. Ethics Com., Opn. No. 76 (2018) at p. 1, <https://www.caljudges.org/docs/Ethics%20Opinions/Op%2076%20Final.pdf> [as of July 5, 2022], archived at: <https://perma.cc/BU5J-3DC8>.) However, her failure to cite to the record, failure to confirm that the exhibits referenced in her briefs are part of the record, and failure to support her legal contentions with reasoned argument and citation to legal authority requires us to determine that she has waived all arguments and has failed to demonstrate that the trial court abused its discretion in denying her request for a restraining order against respondent.

## III.    DISPOSITION

The order filed December 13, 2019, is affirmed.

6

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.


_____
Lie, J.


Rosa V. v. Ali H.
No. H047642