Filed 8/5/24  Williams v. Michels CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ANITA WILLIAMS,<br><br>Respondent,<br><br>v.<br><br>VINCENT ALLEN MICHELS,<br><br>Appellant. | F087042<br><br>(Super. Ct. No. S1501FL617675)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Lisa M. Pacione, Judge.

Vincent Allen Michels, in pro. per., for Appellant.

No appearance for Respondent.

-ooOoo-

---

\* Before Hill, P. J., Detjen, J. and Snauffer, J.

This is an appeal from an August 23, 2023 domestic violence restraining order (DVRO) against appellant Vincent Allen Michels issued by the Kern County Superior Court. For the reasons set forth below, we affirm the order.

## BACKGROUND[1]

On August 3, 2023, respondent Anita Williams filed a request for a DVRO against her ex-husband Michels. She alleged Michels continually posted "threats and rants on his social media mak[ing] [her] afraid for [her] safety and that of [their] daughter." On August 9, 2023, Michels filed a request for a DVRO against Williams. He alleged: (1) Williams and a male companion recently trespassed on his residential property; and (2) Williams manipulated the legal system to "harass and torment" him several times over a 12-year period. A hearing addressing both requests was held on August 22, 2023. Williams, Michels, and Michels' witness testified. Thereafter, the superior court (1) granted Williams' DVRO request, finding "good cause"; (2) denied Michels' DVRO request; and (3) ordered Michels to "complete a Batterer Intervention Program." (Italics omitted.) On August 23, 2023, the court issued a three-year DVRO against Michels, which protected Williams, her fiancé, her stepson, and her and her fiancé's daughter.

On October 19, 2023, Michels filed a notice of appeal. On December 7, 2023, he filed a notice designating the record on appeal, electing to use the clerk's transcript and proceed without a record of the oral proceedings.[2] The appellate record was filed January 29, 2024.

## DISCUSSION

"The Code of Civil Procedure makes 'an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction' appealable." (*Rivera v. Hillard*

---

[1] This information is taken from the clerk's transcript.

[2] The clerk's transcript indicates Michels waived a court reporter for the DVRO hearing.

(2023) 89 Cal.App.5th 964, 974, quoting Code Civ. Proc., § 904.1, subd. (a)(6).) "This includes an order granting or denying a request for DVRO." (*Rivera v. Hillard*, *supra*, at p. 974.) Generally, we review the issuance of a DVRO for abuse of discretion (*J.J. v. M.F.* (2014) 223 Cal.App.4th 968, 975) and the factual findings supporting the order for substantial evidence (*Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822).

In his brief's table of contents, Michels presents the following contentions: (1) "no evidence or showing of facts were giv[e]n in sup[p]ort of issuance of domestic violence protections for Williams" (some capitalization omitted); (2) "there is no legal basis to support protective orders for Williams' domestic partner or others named" (some capitalization omitted); (3) "after nearly 13 years of sep[a]ration there is no record or history of any acts of abuse or domestic violence by Michels" (some capitalization omitted); and (4) "the evidence does not support the trial court[']s ruling" (capitalization omitted). However, Michels elected to proceed without a reporter's transcript of the DVRO hearing. Absent said transcript, he has "no basis upon which to argue that the evidence adduced at [the hearing] was insufficient to support the trial court's finding[s]" (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132, overruled in part on another ground by *Bailey v. San Francisco District Attorney's office* (July 29, 2024, S265223) ___ Cal.5th ___, ___, fn. 6 [2024 Cal. Lexis 4134, *26, fn. 6]) and "we cannot evaluate issues requiring a factual analysis" (*Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003). (See *Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324 ["It is the burden of the party challenging a judgment on appeal to provide an adequate record to assess error."].) When a reporter's transcript is not provided by an appellant, "we must treat this as an appeal 'on the judgment roll,' " " ' "conclusively presume that the evidence is ample to sustain the [superior court's] findings," ' " and limit our review "to determining whether any error 'appears on the face of the record.' " (*Id.* at pp. 324–325; see *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["To put it another way, it is presumed

3.

that the unreported [hearing] testimony would demonstrate the absence of error."].)  The record before us does not disclose such an error.

Furthermore, Michels' brief is deficient.  Although he enumerates various arguments in the table of contents, he forfeits them on appeal because (1) he failed to identify each point under a separate heading or subheading in the body of the brief (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179; see Cal. Rules of Court, rule 8.204(a)(1)(B)); and (2) he failed to support each claim "with the necessary citations to the record" (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; see *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 ["It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations."]).  Additionally, the brief addresses matters that are not in the record before us.  (See *Citizens Opposing a Dangerous Environment v. County of Kern* (2014) 228 Cal.App.4th 360, 366, fn. 8 [" 'Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs.' "].)

We are mindful Michels represented himself on appeal.  This fact, however, does not excuse his missteps.  "Under the law, a party may choose to act as his or her own attorney.  [Citations.]  '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.  [Citation.]' [Citation.]"  (See, e.g., *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

## **DISPOSITION**

The August 23, 2023 domestic violence restraining order is affirmed.  Costs on appeal are awarded to respondent Anita Williams.