Filed 6/5/25  Marriage of Huang and Yang CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of ANITA YUAN YUN HUANG and WEN HUA YANG. | |
| ANITA YUAN YUN HUANG,     Appellant, v. WEN HUA YANG,     Respondent. | A169837 (San Francisco City & County   Super. Ct. No. FDI-16-786194) |

**MEMORANDUM OPINION**[1]

This is an appeal from an order following a long-cause hearing on property and support issues in this divorce proceeding instituted by appellant Anita Yuan Yun Huang.  The trial court eventually issued a 26-page statement of decision and order addressing claims for reimbursement, claims pertaining to the trucking business the parties operated during their marriage, claims pertaining to the family residence, claims pertaining to specific personal property, and claims pertaining to spousal and child support.  With respect to a number of these claims the trial court pointed out

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration section 8.1.

1

appellant presented no supporting documentation, for example, as to her pre-marriage earnings and bank accounts, or insufficient documentation, for example, as to the parties' post-marriage bank accounts. The court also found appellant's testimony not credible in some key respects, for example, her testimony concerning the extent of her use of separate funds to pay for alleged community debts and obligations.

Appellant challenges most of the trial court's rulings. What she has not provided, however, is a brief that comports with the California Rules of Court and demonstrates, with proper citations to the record and relevant legal authority, that the trial court erred or abused its discretion in any respect. (See *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 [" 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' "]; *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 [same].)

"Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' It is well established that ' "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" ' [Citation.] This rule applies to matters referenced at any point in the brief, not just in the statement of facts." (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.)

Accordingly, even if the factual and procedural sections of a brief contain some citations to the record on appeal, this does not "not cure the failure to cite evidence in the argument section of the brief, and we will not pick and choose the portions of the brief in the statement of facts that we may

2

think are applicable to each assertion in the argument. [California Rules of Court,] [r]ule 8.204(a)(1)(C) is intended to enable the reviewing court to locate relevant portions of the record 'without thumbing through and rereading earlier portions of a brief.' [Citation.] To provide record citations for alleged facts at some points in a brief, but not at others, frustrates the purpose of that rule, and courts will decline to consider any factual assertion unsupported by record citation at the point where it is asserted." (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8, quoting *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16.)

Appellant's opening brief (the only brief filed in this appeal)[2] is painfully short on citations to the record on appeal. For example, appellant includes the following paragraph—unsupported by any citation to the record—in her "STATEMENT OF FACTS" (boldface omitted): "After separation, disputes arose regarding the division of community property, spousal and child support, and the valuation of business assets. Appellant states, per evidence, that [respondent] misrepresented his income to the court, continued to use joint business assets for his personal benefit, and failed to comply with court orders and discovery obligations." In the "LEGAL ARGUMENT" (boldface omitted) section of her opening brief, under the sub-heading "The Court Incorrectly Calculated the Buyout Price for the Residence," (boldface omitted) she asserts—without any record citation—that "the court failed to account for the outstanding mortgage balance of $288,543.80 when ordering an equalizing payment of $366,000 from Appellant to [respondent]." She then asserts—without any record citation—

---

[2] Respondent Wen Hua Yang appeared in propria persona at the hearing and has not submitted any briefing on appeal.

3

that "[t]he proper calculation should reflect: [¶] . . . Fair Market Value: $732,000[;] . . . Less Outstanding Mortgage: $288,543.80[;] . . . Net Community Property Value: $443,456.20."  In another of appellant's arguments, under the sub-heading "Court assumed that appellant received an income from the joint business, InterState Commerce—but the appellant did not collect any income for sixteen (16) years," (italics & boldface omitted) she includes the following paragraph—again without a single record citation: "Appellant did not get any income—but [respondent] would file fake income tax documents in Appellant's name unbeknownst to Appellant and use that stated income for his gambling purposes.  [Respondent] Wen also squandered that on some other women he was dating during his marriage with Appellant Anita.  Appellant alleges that [respondent] fathered another child in China while they were married often wiring joint business income to them."  Similarly, in another argument, under the sub-heading "Court failed to divide the Community property, Gold Necklace," (italics & boldface omitted) she complains the trial court valued the necklace on the basis of its $700 purchase price and then states—without any supporting record cite: However, during trial, appellant proved that the "current-day appreciated price of the gold necklace is $6,160 (as of October 26, 2024.)  Even [*sic*] the court applied only the $700 to the current value of gold belonging to the community property of the parties.  The court must divide [*sic*] value evenly in the sum of $3,080.80.  Appellant Anita requests the appeal court to divide the community property asset fairly."[3]  (Italics & boldface omitted.)

Where appellant has supplied record citations, she has largely done so by way of a string of citations at the end of a paragraph.  A ready example is

---

[3]  The trial court expressly found appellant's claim that the necklace was worth over $6,000 not credible.

supplied by the first, and only, paragraph of an argument that appears on page 12 of her opening brief. It reads: "During trial testimony, it became clear when [respondent] admitted that [respondent], husband, had his girlfriend, Sandy paying for half of his rent and living expenses while separated from Appellant Anita—leading to the court's miscalculation of [respondent]'s income and spousal support modification. In the prior documents, [respondent] had written that he paid for ALL of his rental income and living expenses, and his income was not enough to pay for spousal support. Yet, during trial testimony, under oath, [respondent] Wen admitted that Sandy and mother lived with him paying atleast [*sic*] half of the rent and food/living expenses. The court overlooked the misreporting that was brought to light during the under-oath testimony and thus, failed to rectify court's [*sic*] error of zero (0) dollars in modifying spousal support. (Income and Expense Declaration of [respondent], FL-150, Sept. 15, 2021); RT:5:52:17-28 to RT 5:56:1-2; RT:5:58:25-28 to RT 5:59:1-12." (Italics omitted.) Such string citations at the end of a multi-sentence paragraph are of virtually no assistance to the court and do not comport with the purpose and intent of California Rules of Court, rule 8.204(a)(1)(C).

Furthermore, a good number of appellant's record citations do not actually reveal where in the appellate record the material is located. For example, the exhibits accepted by the trial court, of which there were apparently 38, were transmitted to this court separately from the rest of the record. Presumably, the income and expense declaration referenced in the string of record cites quoted in the preceding paragraph was admitted as an exhibit, but appellant does not identify which one. It is also exceedingly difficult to locate where referenced pages of the reporter's transcript are located. The multiple volumes of the reporter's transcript were not submitted

5

in a single, combined transcript, but rather were submitted as part of the clerk's transcript and in part as exhibits to a motion to augment. The transcript for hearing day five, for example, cited in the string of record cites above, turns out to be one of the transcripts attached as exhibits to the motion to augment, but appellant provides no clue in her brief that is the case. In other string cites to the record, appellant includes references to day two of the reporter's transcript. It turns out that volume is bound with the clerk's transcript, but appellant includes only page numbers of the reporter's transcript, which do not correlate to the page numbers of the clerk's transcript. The California Rules of Court governing citation to the record on appeal are in place to ensure the reviewing court can *readily* navigate the record and locate those parts of the record a party claims supports the assertion they are making. Appellant has failed in this responsibility. (See *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 ["It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations."].)

To make matters worse, some of appellant's record citations purporting to support factual statements are not, in fact, citations to the evidence. For example, three of the five record citations appearing at the end of paragraphs in appellant's "STATEMENT OF FACTS" (boldface omitted) (five citations being the sum total of record citations in this section of her brief) are to her attorney's opening statement, *not* to the evidence. Counsel's say-so does not, and cannot, support a factual assertion made in a brief. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 413, fn. 11 ["It is axiomatic that the unsworn statements of counsel are not evidence."].)

Other purported record citations are to parts of the record that have nothing to do with the assertion they supposedly support. For example, on

page nine of her brief, appellant asserts, without any citation to the record, that the trial court failed to account for the outstanding mortgage on the family residence in determining the equalizing payment owed to respondent if the property is not sold. She follows this with the statement: "Pursuant to California Family Code [section] 2550, community property must be divided equally based on the net value of assets, which requires deduction of liabilities encumbering said assets," for which she provides a citation "CT: 165-166." However, "CT 165-166" are two pages of the reporter's transcript for the first day of trial wherein appellant was testifying as to how much she made working at a travel agency. Thus, appellant has effectively provided no record citation in support of her claim that the trial court erred in failing to take a mortgage into account in setting the amount of an equalizing payment she must make to respondent if she chooses to remain in the condominium in which they resided at the time of their separation. By failing to cite to any pertinent record evidence, she has failed to carry her burden on appeal to demonstrate error by the trial court. (See *Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1172 [" 'Rather than scour the record unguided, we may decide that the appellant has waived a point urged on appeal when it is not supported by accurate citations to the record.' " Quoting *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.].)

We need not point out any of the other shortcomings in appellant's brief which include, for example, failure to address the relevant standards of appellate review and to brief issues accordingly. Suffice it to say, the shortcomings we have discussed above make it impossible for us to engage in

any meaningful review of appellant's arguments and we must therefore affirm the judgment.[4]

## DISPOSITION

The judgment is AFFIRMED.

---

[4] We also note appellant received multiple extensions of time to prepare her brief and took more than 140 days to do so, yet has submitted a brief that flagrantly violates the rules of appellate practice.

_____

Banke, Acting P. J.


We concur:


_____

Langhorne Wilson, J.


_____

Smiley, J.


A169837, Huang v. Yang

9