Filed 10/21/16  Certified for publication 11/16/16 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of LUIS M. OVALLE FREGOSO and ADRIANA HERNANDEZ. | D069614 |
| LUIS M. OVALLE FREGOSO, | |
| Appellant, | (Super. Ct. No. DS56882) |
| v. | |
| ADRIANA HERNANDEZ, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, James T. Atkins, Judge.  Affirmed.

Moreno & Associates and William Baker for Appellant.

No appearance for Respondent.

Luis M. Ovalle Fregoso appeals from the superior court's grant of a domestic violence restraining order sought by his spouse, Adriana Hernandez.  He contends the court abused its discretion because after the court issued a temporary restraining order

(TRO), Hernandez invited him to a birthday party and had consensual sex with him. However, Hernandez testified that in one recent incident, Fregoso grabbed her forcefully enough to bruise her arm, and then held her face into a mattress so she could not breathe. Hernandez testified she was afraid of Fregoso, stating, "He's hit the child, he's hit me, he has taken my money, he has threatened me." She explained the consensual sex was part of their pattern of violence followed by attempted reconciliation. Because substantial evidence supports the court's finding of abuse under the Domestic Violence Protection Act (DVPA) (Fam. Code.[1] § 6200 et seq.), we affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

The parties were married for five years and have one child born in 2012. On October 16, 2015, Fregoso filed a petition for dissolution of their marriage. He also sought an order seeking legal and physical custody of the parties' child. In an accompanying declaration, Fregoso stated Hernandez "is an aggressive person who has hit me in the past" and had recently attempted to throw boiling water on him while he was holding their daughter.

Four days later, on October 20, 2015, Hernandez filed a request for a domestic violence restraining order against Fregoso. In an attached declaration, Hernandez stated that on October 7, 2015, Fregoso grabbed her, pushed her hard onto a bed, and held her head down into the mattress so that she could not breathe. She also stated that on

---

[1]     All statutory references are to the Family Code unless otherwise specified.

October 19, Fregoso "hit our daughter with a belt, almost 10 times." Hernandez ended her declaration by stating, "I am afraid for mine and my daughter's safety."

The court issued a TRO against Fregoso on the same day (October 20) and set the matter for a hearing.

Before the hearing, Fregoso filed a response. He denied threatening or hitting Hernandez, and instead stated Hernandez was the aggressor, and he described an incident where she struck him with a wooden box. Fregoso denied that he had ever abused his daughter, stating Hernandez's "claims are a lie . . . ."

The court conducted a hearing. Hernandez and Fregoso, who were each represented by separate counsel, testified.

Hernandez testified that on October 7, 2015, Fregoso "grabbed" her left arm, and pulled her against his chest so hard, she was "unable to breathe."[2] After Hernandez fled for safety into her daughter's bedroom, Fregoso followed, and pushed Hernandez onto the daughter's bed with such force the bed collapsed. Hernandez testified Fregoso then "started to press my head against the bed" and "[h]e squeezed my head against the bed and I couldn't breathe." She said Fregoso threatened her, saying he "has a godfather who is a drug trafficker in Sinaloa [Mexico] . . . ." Hernandez denied throwing a wooden box or boiling water at Fregoso.

On cross-examination, Hernandez explained she did not call the police because she was "afraid" of Fregoso. Hernandez conceded having sex with Fregoso on November

[2]     Fregoso outweighs Hernandez by approximately 44 pounds.

3

1, 2015, after the court had issued the TRO. She explained this was a pattern of behavior where Fregoso would be violent, seek forgiveness, bring gifts, and then they would have sex. Hernandez testified, "He would always bring me flowers and he would buy Play-Doh for my daughter." Hernandez added, "after the violence, there were gifts and then there was sex."

Fregoso testified next, contradicting almost all of Hernandez's assertions about domestic violence. He denied hitting their daughter. Fregoso denied hitting Hernandez or threatening her at any time. He testified that in a jealous rage, Hernandez was the one who hit him. He stated that on other occasions, Hernandez had threatened him with knives, hit him with a metal pole, and destroyed his important personal papers. Fregoso testified that after the court entered the TRO, Hernandez sent him text messages asking for sex. Fregoso believed Hernandez was seeking a restraining order out of spite, to retaliate against him for seeking dissolution of their marriage.

After hearing the parties' testimony, the court granted the restraining order, stating in part, "Based on the evidence and the testimony that the court heard today, the court does find good cause to grant the request for the permanent restraining order. I'm going to grant it for the period of one year." Under the restraining order, Fregoso is prohibited from, among other things, attacking or threatening Hernandez, and must stay at least 100 yards away from her person, home, workplace, and vehicle, with the exception for peaceful contact as required for court-ordered visitation of children.

4

## DISCUSSION

### I. *GOVERNING PRINCIPLES AND THE STANDARD OF REVIEW*

The purpose of the DVPA is "to prevent acts of domestic violence, abuse . . . and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.) To this end, the DVPA provides for the issuance of restraining orders that enjoin specific acts of abuse. "Abuse" is statutorily defined to include, among other things, to "intentionally or recklessly cause or attempt to cause bodily injury" and to "place a person in reasonable apprehension of imminent serious bodily injury to that person or another." (§ 6203, subds. (a)(1) & (3).)

Generally, a trial court has broad discretion in determining whether to grant a petition for a restraining order under this statutory scheme. (See *Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420 (*Gonzalez*).) The DVPA permits a court, upon a showing of "reasonable proof of a past act or acts of abuse" (§ 6300), to issue a protective order restraining any person from contact, for the purpose of preventing a recurrence of domestic violence. (*Ibid.*)

On review of an order granting or denying a protective order under the DVPA, we consider whether the trial court abused its discretion. (*Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1143 (*Burquet*).) "'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.'" (*Gonzalez, supra,* 156 Cal.App.4th at p. 420.) We

5

accept as true all evidence tending to establish the correctness of the trial court's findings, resolving every conflict in the evidence in favor of the judgment. (*Burquet, supra,* 223 Cal.App.4th at p. 1143.) Under the substantial evidence test, the pertinent inquiry is whether substantial evidence supports the court's finding—not whether a contrary finding might have been made. (See *In re Alexandria P.* (2016) 1 Cal.App.5th 331, 355.)

In this case, Hernandez did not file a respondent's brief. However, that failure does not affect Fregoso's burden to show the court abused its discretion in issuing the DVPA restraining order. (*Burquet, supra,* 223 Cal.App.4th at p. 1141, fn.1.)

### III. *THE COURT DID NOT ABUSE ITS DISCRETION*

Fregoso contends the court abused its discretion because "the evidence showed [Hernandez] was not afraid of [Fregoso]." Noting that Hernandez sought the TRO soon after he filed for dissolution of the marriage, Fregoso contends Hernandez's "timing and conduct in requesting that restraining order smacks of game-playing and bad faith." He emphasizes there were "no police reports" of the alleged domestic violence, and no arrests or convictions. He claims Hernandez sought a restraining order to gain a tactical advantage against him in future child custody proceedings. Asserting there was undisputed evidence Hernandez had consensual sex with him after obtaining the TRO, Fregoso contends such conduct "obviously showed that [Hernandez] did not fear [him] or need protection from him."

Fregoso's argument is unavailing because it is inconsistent with the standard of review. Based only on Fregoso's own testimony, his factual assertions are supported by the record, and the inferences he draws from those facts are not unreasonable. However,

6

the trial court put more weight in other, contrary evidence, and drew other, reasonable inferences, contrary to the ones Fregoso advocates here, stating that Hernandez had carried her burden of proof. Fregoso's appellate claims fail because under the substantial evidence standard, "[t]he issue is not whether there is evidence in the record to support a different finding, but whether there is some evidence that, if believed, would support the findings of the trier of fact." (See *Fariba v. Dealer Services Corp.* (2009) 178 Cal.App.4th 156, 170.)

The testimony of one witness, even that of a party, may constitute substantial evidence. (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614.) Hernandez testified: (1) she was afraid of Fregoso; (2) in October 2015, Fregoso "pressed" her head against a mattress with such force, she could not breathe; (3) Fregoso grabbed her arm tightly, with sufficient force to cause bruising and (4) in another incident, he kicked her while she was on the ground; and (5) Fregoso repeatedly struck their two-year-old daughter with a belt. This is ample substantial evidence to support the court's implied finding there was "reasonable proof of a past act or acts of abuse" warranting a domestic violence restraining order. (§ 6300.)

Hernandez also testified the parties' post-TRO sex was part of their six-year repeated cycle of violence, gifts, forgiveness, sex, and then repeated acts of violence. Thus, the evidence Fregoso primarily relies upon as showing the court abused its discretion was explained by Hernandez in a manner consistent with the court's determination to issue the order.

7

DISPOSITION

The order is affirmed.  Because Hernandez did not file a brief in this court, there are no costs on appeal to award.

NARES, J.

WE CONCUR:


McCONNELL, P. J.


PRAGER, J.*

_____

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 11/16/16

**CERTIFIED FOR PUBLICATION**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of LUIS M. OVALLE FREGOSO and ADRIANA HERNANDEZ. | |
| | D069614 |
| LUIS M. OVALLE FREGOSO, | |
| Appellant, | (Super. Ct. No. DS56882) |
| v. | |
| ADRIANA HERNANDEZ, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Respondent. | |

THE COURT:

The opinion in this case filed October 21, 2016, was not certified for publication.

It appearing the opinion meets the standards for publication specified in California Rules

of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is

GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication

specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.

McCONNELL, P. J.

Copies to:  All parties