Filed 12/3/21  Inada v. Inada CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ASHLEY C. INADA, | B309084 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19TRRO00924) |
| v. | |
| JEFFREY M. INADA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gia G. Bosley, Judge.  Affirmed.

Jeffrey M. Inada, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Jeffrey Inada appeals from the trial court's December 2, 2019 order granting a three-year domestic violence restraining order (DVRO) to Ashley Inada, and awarding her sole legal and physical custody of their two children.[1]  Because the trial court did not abuse its discretion and the order was supported by substantial evidence, we affirm.[2]

## FACTUAL AND PROCEDURAL HISTORY

Jeffrey and Ashley were a married couple with two children, and were in the process of divorcing.  On November 8, 2019, in response to Ashley's request for a DVRO, the trial court granted a temporary restraining order and set a hearing date.  Jeffrey filed a response, with an attached declaration contesting the factual basis for Ashley's request.

On December 2, 2019, the trial court held a hearing at which Ashley appeared in pro. per., and Jeffrey was represented by counsel.  The trial court conducted direct examination of Ashley, asking her about an incident of domestic violence on November 4, 2019 that was alleged in her restraining order request.  The court also asked if there were any other incidents that Ashley would like the court to be aware of.  Ashley responded, "[j]ust the long-term mental abuse and violence."  The

[1] We refer to Mr. and Ms. Inada by their first names for clarity; no disrespect is intended.

[2] Ashley has not filed a respondent's brief on appeal.  "In such a case we examine the record and consider the opening brief and oral argument, if any, to determine whether the trial court's ruling was prejudicial error."  (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 419, fn. 2.)

court asked further questions, eliciting testimony that Jeffrey frequently used "bad words" towards Ashley, criticized her parenting abilities, and sent numerous text messages containing "untrue accusation[s] against [her]." Jeffrey's counsel objected to the court's questions regarding factual allegations not made in Ashley's restraining order request. Jeffrey's counsel cross-examined Ashley about prior incidents of domestic violence in which she was allegedly the primary aggressor, and entered into evidence a sentencing memorandum concerning Ashley's 2017 misdemeanor domestic violence conviction.

Jeffrey testified on direct examination that he acted in self-defense in the November 4 incident, and he had received a letter stating that the district attorney had declined to file charges concerning that incident; the letter was admitted into evidence. Jeffrey also testified that Ashley had assaulted him on prior occasions and that he had called the police several times in response to Ashley's violations of a 2017 restraining order. Jeffrey's counsel requested that police reports regarding prior incidents be admitted into evidence, but the trial court excluded them as inadmissible hearsay.

The trial court granted Ashley's request for a DVRO, finding her testimony consistent and credible. Jeffrey's counsel requested a statement of decision. The court stated the basis for its ruling as follows: Ashley's testimony was credible and Jeffrey's testimony was not credible; Ashley credibly testified that during the November 4 incident, Jeffrey "pushed her several times, push[ed] her around, that she had objective injuries" and this incident of assault and battery was a sufficient basis for a DVRO; Jeffrey's claim that he acted in self-defense was not credible; Ashley was candid in admitting fault regarding a prior

incident; the police found Jeffrey to be the primary aggressor in the November 4 incident; Ashley stated she had photographs of her injuries on her phone and could show them if requested; and the fact that the district attorney declined to prosecute was not probative, because it may have been based on factors other than Jeffrey's lack of culpability. The court indicated that it did not rely on Ashley's testimony about prior incidents of verbal abuse, harassment through text messages, etc., in granting the DVRO, only on the "the physical assault of the November incident."

After hearing the court's statement of decision, Jeffrey's counsel objected on the grounds that the court showed bias toward Ashley by "asking . . . questions that . . . her counsel would have asked . . . as to even issues that were not part of" her request for a DVRO, and "instead of asking petitioner to make her case . . . the court . . . interviewed [Ashley] for about 15 minutes or more." Jeffrey's counsel stated that "the crux of the matter" is "why the court didn't say, present your case, instead of the court asking her all the questions that an opposing counsel would have." The court responded, "[b]ecause I do that with every single case that comes before me is I inquire to have an idea of the credibility of the witness."

Jeffrey's counsel objected to the court drawing favorable inferences from Ashley's claim that she had pictures of her injuries, even though these pictures were not entered into evidence, while disregarding Jeffrey's claim that the police also took photographs of his injuries. Jeffrey, speaking on his own behalf, objected to the court disregarding the prior incidents in which Ashley had been the aggressor and the "multiple times [he] had to call the police to keep the peace." The court responded that its decision was based on the November 4 incident, and the

fact that Ashley was the aggressor in prior incidents "does not mean that she could not possibly ever have been assaulted."

The court asked the parties to confer and attempt to come to agreement on custody and visitation orders during a recess. Jeffrey's counsel informed the court that the parties "got close," but did not come to an agreement on these issues, and stated that Jeffrey "would like alternate weeks," while Ashley would agree only to weekend visitation. After further discussion, the court asked whether "the parties are agreeing that [Jeffrey] would have Saturday . . . . [¶] . . . [¶] . . . in the family residence," and Jeffrey's counsel responded "[y]es." The court indicated that this visitation schedule was intended as an interim measure to "get something in place" prior to the winter holidays and while Ashley and Jeffrey were in the process of dividing and packing their belongings and moving into new residences, and the schedule would remain in place until a further hearing on February 25, 2020. The custody and visitation provisions of the DVRO awarded sole legal and physical custody to Ashley, and visitation every Saturday from 10:00 a.m. until 8:00 p.m. to Jeffrey.

Jeffrey filed a timely notice of appeal challenging the December 2, 2019 order granting the DVRO.

## CONTENTIONS

Jeffrey's specific contentions on appeal appear to be that: (1) the court showed bias in conducting its own direct examination of Ashley, asking leading questions, and giving undue weight to Ashley's testimony while disregarding evidence favorable to Jeffrey; (2) the court erred in allowing Ashley to testify about other alleged instances of domestic violence not included in her DVRO request; (3) the court erred in excluding

5

police reports regarding prior incidents from evidence;[3] (4) the order granting the DVRO was not supported by substantial evidence; and (5) the court's order awarding sole custody to Ashley violates the Family Code section 3044 presumption against awarding child custody to the primary aggressor in a domestic violence case.

## DISCUSSION

### I.  The Domestic Violence Prevention Act (DVPA)

The DVPA (Fam. Code, § 6200 et seq.) allows the court to issue a protective order " ' "to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved" upon "reasonable proof of a past act or acts of abuse." ' " (*In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 225 (*Davila*).)  The DVPA defines " 'abuse' " (§ 6203) to include, among other things, "molesting, attacking, [or] striking" (§ 6320), or intentionally or recklessly "caus[ing] or attempt[ing] to cause bodily injury" (§ 6203, subd. (a)(1)) to a spouse or former spouse (§ 6211, subd. (a)).  "The DVPA requires a showing of past abuse by a preponderance of the evidence," for issuance of a DVRO.  (*Davila*, at p. 226.)

### II.  Standard of Review

We review an order granting or denying a DVRO for abuse of discretion; in determining whether the trial court's findings are

---

[3] Jeffrey also claims that the court erred in excluding evidence of Ashley's 2017 misdemeanor conviction, but the record shows that the court actually admitted evidence of this conviction.

supported by substantial evidence, we accept as true all evidence supporting those findings and resolve every conflict in the evidence in favor of the judgment. (*Davila*, *supra*, 29 Cal.App.5th at p. 226; *In re Marriage of Ankola* (2020) 53 Cal.App.5th 369, 379.) Likewise, the trial court's decisions regarding what evidence to consider in deciding whether to issue a DVRO are reviewed for abuse of discretion. (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 115.) The abuse of discretion standard of review also applies to child custody and visitation orders made as part of a DVRO. (*Gonzalez v. Munoz*, *supra*, 156 Cal.App.4th at p. 423.)

Extrinsic evidence corroborating a petitioner's claims of abuse is not required for issuance of a DVRO. " 'The testimony of one witness, even that of a party, may constitute substantial evidence' " supporting the issuance of a DVRO. (*In re Marriage of Ankola*, *supra*, 53 Cal.App.5th at p. 380; *In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 703; *In re Marriage of F.M. & M.M.*, *supra*, 65 Cal.App.5th at p. 119 [trial court abused its discretion by denying DVRO due to lack of corroborating evidence].) Determinations regarding the credibility of witnesses "are the province of the trial court," especially when, as in this case, the trial court specifically "noted that it had weighed the witnesses' credibility." (*McCord v. Smith* (2020) 51 Cal.App.5th 358, 364.)

## III. Active Role of the Trial Court in DVPA Cases

DVPA cases frequently involve one or more self-represented litigants. (*Ross v. Figueroa* (2006) 139 Cal.App.4th 856, 861, fn. 3 [statewide study found that over 90 percent of litigants in DVRO cases were self-represented].) This fact "influences how these hearings should be conducted—with the

judge necessarily expected to play a far more active role in developing the facts, before then making the decision whether or not to issue the requested permanent protective order. . . . the judge cannot rely on the propria persona litigants to . . . ask all the relevant questions of witnesses." (*Id.* at p. 861, fn. omitted; *Gonzalez v. Munoz, supra*, 156 Cal.App.4th at p. 420.) Courts must be mindful of the vulnerability of the parties in DVPA cases, and the strong public policy interest in ensuring the safety of children and families, and in " ' "ensur[ing] fair, expeditious, and accessible justice for litigants in these critical cases." ' " (*Gonzalez*, at p. 420, fn. 3.)

## IV. The Trial Court Did Not Abuse Its Discretion in Granting the DVRO

Jeffrey contends that the trial court showed bias and abused its discretion by conducting a direct examination of Ashley, rather than merely "asking [her] to make her case." Based on our review of the record, however, we conclude that the trial court's actions were well within the boundaries of its proper role, in the context of a DVPA action where the party seeking a restraining order was appearing pro se and the opposing party was represented by counsel. (*Ross v. Figueroa, supra*, 139 Cal.App.4th at p. 861.) The court's questions were directly relevant, phrased in a neutral manner, and nonleading, first eliciting the details of the November 4 incident and then asking if there were any other incidents Ashley wanted the court to be aware of.

Jeffrey's counsel also objected to the court eliciting testimony from Ashley about incidents not contained in her

DVRO request.[4]  This was not an abuse of discretion, however, because courts may consider evidence beyond the specific allegations contained in a DVRO application, in deciding whether to grant a DVRO.  (*Davila*, *supra*, 29 Cal.App.5th at p. 226.)  The trial court also did not abuse its discretion in excluding police reports from evidence.  As the court noted, these reports were hearsay, and Jeffrey's counsel did not call the preparers of the reports as witnesses, nor argue for the applicability of any exception to the hearsay rule.

The trial court also acted within its discretion in accepting as true Ashley's statement that she had pictures of her injuries on her phone, without delaying and complicating the proceedings by requiring Ashley to enter these photographs into evidence, a daunting task for a pro. per. litigant.  (See *Ross v. Figueroa*, *supra*, 139 Cal.App.4th at p. 861 [judge cannot rely on pro. per. litigants in DVPA cases to "know each of the procedural steps"].)  Finally, the trial court did not, as Jeffrey claims, fail to consider his evidence.  It is clear from the trial court's statement of decision that it did consider Jeffrey's testimony that he acted in self-defense, the fact that Ashley had been the primary aggressor in prior incidents, and other evidence in Jeffrey's favor—but on balance, found that Ashley's version of the November 4 incident was more credible, and the preponderance of the evidence favored granting the DVRO.

---

[4] Jeffrey did not include Ashley's request for domestic violence restraining order in his designation of the record on appeal.  Leaving aside the question whether this contention was waived by failure to procure an adequate record, we reject it as meritless.

Viewing all the evidence in the light most favorable to the trial court's judgment (*Davila*, *supra*, 29 Cal.App.5th at p. 226), we find no abuse of discretion in the trial court's manner of conducting the hearing, its evidentiary rulings, or its conclusion that Ashley had met her burden of proof for issuance of a DVRO.

Jeffrey also contends that the court abused its discretion in granting sole custody to Ashley, and providing him only with weekly visitation, in violation of Family Code section 3044. This statute creates a rebuttable presumption against granting sole or joint custody to a perpetrator of domestic violence. (Fam. Code, § 3044, subd. (a) ["there is a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child"].) First, it is not clear that this issue was preserved for appeal. Although Jeffrey's counsel initially stated that he wanted "alternate weeks"—i.e. joint physical custody—when the court later asked if "the parties are agreeing that [Jeffrey] would have Saturday" visitation, Jeffrey's counsel responded in the affirmative, and made no argument that awarding sole or primary custody to Ashley would violate section 3044.

Even if the issue was not forfeited, the custody and visitation provisions of the DVRO are supported by substantial evidence and are not an abuse of the trial court's discretion. (*Gonzalez v. Munoz, supra*, 156 Cal.App.4th at p. 423.) Based on its credibility determinations and overall weighing of the evidence, the trial court found that Jeffrey, not Ashley, had committed an act of abuse in the November 4, 2019 incident, and granted a DVRO against him. (See Fam. Code, § 3044, subd. (c) [a person has " 'perpetrated domestic violence' " if found by the

court to have committed any act of "abuse" as defined by the DVPA].)  Although Ashley had also, in 2017, perpetrated domestic violence, it is clearly within the court's discretion to award sole or primary custody to the party who was the victim, not the perpetrator, of a much more recent incident of domestic violence.

For the reasons stated above, we conclude that the order granting the DVRO and awarding sole custody to Ashley and weekly visitation to Jeffrey was not an abuse of discretion.

**DISPOSITION**

The December 2, 2019 order is affirmed.  Jeffrey M. Inada shall bear his own costs on appeal.

NOT TO BE PUBLISHED.

MATTHEWS, J.*

We concur:

EDMON, P. J.

LAVIN, J.

---

*  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.