Filed 1/24/22  Stacey S. v. Mark S. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| STACEY S., | |
| Plaintiff and Respondent, | E074543 |
| v. | (Super. Ct. No. FLIN1800265) |
| MARK S., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dale R. Wells, Judge.

Affirmed.

Mark S., in pro. per., for Defendant and Appellant.

Downey Brand, Jackeline E. Castro and Jay-Allen Eisen; Mark D. Gershenson; for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

Mark S. appeals the trial court's orders granting his wife, Stacey S., a five-year Domestic Violence Restraining Order (DVRO) against him and denying his request for a DVRO against Stacey.[1] We affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Mark and Stacey married in 2013. In August 2018, Stacey filed a request for a DVRO against Mark under the Domestic Violence Prevention Act (Fam. Code, §§ 6200 et seq.). She claimed he had repeatedly abused her and posed a danger to her, their children, and their dog.

Mark's most recent abuse prompted Stacey to seek a DVRO against him. According to Stacey, Mark threw his cell phone at her face, injuring her chin, gums, and a tooth. Stacey gathered the children and tried to leave, but Mark ran after them. Stacey ran into a room and locked the door behind her. Mark banged on the door and demanded that Stacey open it. Stacey called the police. The responding officer, Riverside County Sheriff's Department Corporal Ruben Perez, arrested Mark.

The trial court granted Stacey a temporary DVRO and set a hearing on the matter.

---

[1] We refer to the parties by their first name because they share the same last name. We mean no disrespect. And because this case involves the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.), we refer to the parties by first name and last initial to protect Stacey's privacy interests. (Cal. Rules of Court, rule 8.90(b)(1) & (11).

Before the hearing, Mark filed a request for a DVRO against Stacey.

Stacey and Corporal Perez testified at the hearing. By the time Mark finished cross-examining them, he had only a few minutes left to testify for himself.

At the conclusion of the hearing, the trial court granted Stacey a five-year DVRO against Mark that precluded him from contacting or interacting with Stacey, their children, or their dog (with exceptions for court-ordered visits). The trial court also ordered Mark to enroll in a 52-week batterer's intervention program and denied his request for a DVRO against Stacey. Mark timely appealed.

III.

DISCUSSION

Mark raises four primary arguments in his opening brief.[2] We find none of them persuasive.

Mark's first and second arguments are that Stacey and Corporal Perez were not credible witnesses. Whether they were credible was for the trial court to decide, not us. (See *Estate of Sapp* (2019) 36 Cal.App.5th 86, 106 ["'The trial court was the trier of fact and the sole judge of the credibility of witnesses.'"]; *People v. Sanchez* (2003) 113 Cal.App.4th 325, 330 [assessing witness credibility is "the exclusive function of the trier

___

[2] We consider only the four arguments Mark made with separate headings in his opening brief. (See *Winslett v. 1811 27th Avenue, LLC* (2018) 26 Cal.App.5th 239, 248 fn. 6 ["Arguments not raised by a separate heading in an opening brief will be deemed waived."].) We also do not consider arguments Mark makes for the first time in his reply because he has not shown good cause for not raising those arguments in his opening brief. (See *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9 [argument raised for the first time in the reply brief waived].)

of fact"].)[3]

Mark next argues that the trial court erred because Stacey "failed to establish intent." We understand Mark as arguing that the trial court should not have granted Stacey's request for a DVRO because there was no evidence that he intended to abuse her. Stacey argues proof of intent to commit domestic violence is not necessary to obtain a DVRO. We need not decide the issue because even if Mark is correct that Stacey had to prove that he intended to abuse her for the trial court to grant her request for a DVRO, there was sufficient evidence for the trial court to make that finding.

The purpose of the Domestic Violence Prevention Act (Fam. Code § 6200 et seq.) "is to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence" (Fam. Code, § 6220). To effectuate this purpose, a trial court may issue a DVRO upon a showing "to the satisfaction of the court, [of] reasonable proof of a past act or acts of abuse." (Fam. Code, § 6300, subd. (a).)

We review the trial court's order granting or denying a DVRO for an abuse of discretion. (*Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1143.) "In reviewing

---

[3] Under the argument heading asserting that Corporal Perez was not a credible witness, Mark argues in passing that the trial court had "a conflict of interest" because Corporal Perez used to work at the trial court. Mark waived the argument by failing to include it under a separate heading. (*Winslett v. 1811 27th Avenue, LLC*, *supra*, 26 Cal.App.5th at p. 248 fn. 6.) He also forfeited the argument because he did not raise the issue in the trial court. (*In re Carrie W.* (2003) 110 Cal.App.4th 746, 755.)

the evidence, the reviewing court must apply the 'substantial evidence standard of review,' meaning "'whether, on the entire record, there is any substantial evidence, contradicted or uncontradicted,'" supporting the trial court's finding. [Citation.] "We must accept as true all evidence . . . tending to establish the correctness of the trial court's findings . . . , resolving every conflict in favor of the judgment."' [Citation.]" (*Ibid.*) Thus, if there is substantial evidence to support the trial court's orders granting Stacey's request for a five-year DVRO against Mark and denying Mark's request for one against Stacey, we must affirm the orders. (*Ibid.*)

Stacey testified that Mark intentionally threw his phone at her face, causing her injuries. When she tried to flee with the children, he ran after them. And after she locked herself and the children in a room, Mark banged on the door and demanded to be let in. Stacey called the police because she feared for her safety and her children's safety. Stacey's testimony provided substantial evidence for the trial court to find that Mark intended to abuse her. (See *In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 703 ["The testimony of one witness, even that of a party, may constitute substantial evidence."]; *Sosa v. CashCall, Inc.* (2020) 49 Cal.App.5th 42, 51 ["Generally, a party's intent is proven by circumstantial evidence."]) So even if Stacey had to show that Mark intended to abuse her for the trial court to enter a DVRO against him, Stacey satisfied that burden. The trial court therefore properly entered a DVRO against Mark. (See *Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 782 [trial court may issue DVRO upon finding of abuse].)

5

Finally, Mark argues the trial court was "dangerously bias[ed]" against him. He points to various rulings the trial court made during the hearing as evidence of the court's alleged bias. Mark forfeited the argument because he did not assert it in the trial court. (See *People v. Samuels* (2005) 36 Cal.4th 96, 114 ["Failure to raise the issue of judicial conduct at trial waives claims of statutory or constitutional error."]; *People v. Seaton* (2001) 26 Cal.4th 598, 698 ["Defendant has not preserved this claim for review because he failed to object to the allegedly improper acts and never asked the judge to recuse himself."].)

IV.

DISPOSITION

The trial court's orders granting Stacey's request for a DVRO against Mark and denying Mark's request for a DVRO against Stacey are affirmed. Stacey may recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

MILLER
Acting P. J.

SLOUGH
J.

6