Filed 10/16/23  Vaca v. Alvarez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ELOY VACA, | |
| Appellant, | E078980 |
| v. | (Super. Ct. No. FLBL2200013) |
| CLAUDIA ALVAREZ, | OPINION |
| Respondent. | |

APPEAL from the Superior Court of Riverside County.  Russell L. Moore, Judge.

Affirmed.

Eloy Vaca, in pro. per., for Appellant.

No appearance for Respondent.

1

# I.

## INTRODUCTION

Appellant, Eloy Vaca, proceeding in pro. per. appeals the trial court's order denying her request for an order granting her visitation rights to her grandson, C.A. We affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

Vaca is C.A.'s maternal grandmother. Her daughter, Eileen Alvarez, is his biological mother, and respondent Claudia Alvarez is his maternal great aunt and adoptive parent. Claudia[1] has been C.A.'s caretaker since 2019, when he was about three years old after he was removed from Eileen's care while she was living with Vaca at the time. Claudia adopted C.A. in the spring of 2022 and became his sole legal guardian after Eileen's parental rights were terminated.

In the summer of 2021, Claudia began allowing C.W. to sometimes stay at Vaca's house to visit Vaca and Eileen. According to Claudia, however, C.A. began to "regress" because of the visits, which included having nightmares, wetting the bed, and coming back from visits "confused." Because C.A.'s visits with Vaca and Eileen became "very negative," Claudia stopped allowing them unless they were supervised visits in Claudia's home, which Vaca did not want.

---

[1] We refer to Claudia and Eileen by their first names because they share the same last name. We mean no disrespect.

Vaca, therefore, petitioned the trial court to grant her unsupervised visits with C.A. at her home. After receiving evidence and testimony from Vaca and Claudia, the trial court denied Vaca's request because the visits were not in the best interests of the child. The court found there was "overwhelming" evidence supporting its order, including that (1) Eileen's parental rights to C.A. had been terminated, (2) C.A. showed "some negative physical manifestations after coming back from [Vaca's] house," (3) allowing visits at Vaca's house, where Eileen primarily lived, would create "proxy visits" between Eileen and C.A. and "confuse[]" him, (4) Claudia had a restraining order against Eileen, and (5) a mediator recommended that visits be at Claudia's discretion due to "safety concerns" about unsupervised visits at Vaca's house.[2]

Vaca timely appealed the trial court's order.

### III.

### DISCUSSION

Vaca argues the trial court erred in three ways. We find none of them persuasive.

Vaca's first argument, as we understand it, is that the trial judge should have sua sponte recused himself because he was presiding over Eileen's pending "criminal and/or civil commitment proceeding." Vaca provides no authority to support her position, and we are not aware of any.

---

[2] The mediator's report is not in the record on appeal, but the trial court read excerpts of it into the record at the hearing without objection from Vaca.

3

Next, Vaca argues there is no "affirmative evidence" to support the trial court's order. We disagree. Claudia testified at length as to why she opposed Vaca's request for visitation, and we must defer to the trial court's (implicit) finding that her testimony was credible. (See *Estate of Sapp* (2019) 36 Cal.App.5th 86, 106 ["'The trial court was the trier of fact and the sole judge of the credibility of witnesses.'"]; *People v. Sanchez* (2003) 113 Cal.App.4th 325, 330 [assessing witness credibility is "the exclusive function of the trier of fact," the trial judge here].) Her testimony alone provided substantial evidence to support the trial court's order. (See *In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 703 ["The testimony of one witness, even that of a party, may constitute substantial evidence."].) The mediator's recommendation that Claudia should have the sole discretion to determine C.A.'s visits provides further support for the trial court's order. (See *ibid.*; see also *In re Marriage of Slayton* (2001) 86 Cal.App.4th 653, 659 [trial court properly relied on mediator's report to decide custody of minor child].)

Finally and relatedly, Vaca argues the trial court did not consider C.A.'s best interests and its order was not in his best interests. We disagree. The trial court explicitly stated that its order was based on C.A.'s best interests and its stated reasons for denying Vaca's request outlined above make clear that the order was, in fact, based on the best interests of the child.

In short, Vaca has failed to show that the trial court erred in denying her request for visitation with C.A.

IV.

DISPOSITION

The trial court's order denying Vaca's request for visitation with C.A. is affirmed.

Claudia may recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

McKINSTER

J.