Filed 12/6/23  Jose S. v. Payan CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JOSE S.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PATRICIA PAYAN,<br><br>Defendant and Appellant. | B315071<br><br>(Los Angeles County<br>Super. Ct. No. 20STPT02798) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael R. Powell, Judge.  Affirmed.

Diamond & Associates and David D. Diamond for Appellant.

No appearance for Respondent.

———————————

Patricia Payan (appellant) challenges an order granting Jose S.'s (respondent) request for a restraining order. She argues there was insufficient evidence to support the order and the trial court erred when examining the parties. We find the order was properly issued under the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.)[1] (DVPA) and affirm.

## BACKGROUND

Appellant and respondent live together with four children, their biological four year old, and the three older children from respondent's previous relationship. Claiming appellant had engaged in verbal and physical abuse of respondent and the children, respondent sought a restraining order in a petition filed on May 11, 2021. That same day, a temporary restraining order was issued, and appellant was ordered to move out of the family home.

During the June 24, 2021 hearing, both parties presented evidence of the derogatory statements they made to each other, appellant's alleged physical abuse of the four-year-old child, and injuries caused to respondent when appellant hit him with a door frame segment containing two nails. The trial court issued a three-year restraining order against appellant. The order also required her to move out of the residence and to enroll in a 52-week domestic violence program. After discussions with the parties, the trial court identified the terms of appellant's visitation with the four-year-old child.

Appellant filed a timely notice of appeal.

---

[1]     All further statutory references are to the Family Code.

**DISCUSSION**

# I.  Applicable law and standard of review

The DVPA provides for the issuance of restraining orders to enjoin specific acts of abuse, defined under the statute to include "intentionally or recklessly caus[ing] or attempt[ing] to cause bodily injury," and "plac[ing] a person in reasonable apprehension of imminent serious bodily injury to that person or to another." (§ 6203, subd. (a)(1), (3).)

A trial court has discretion in determining whether to grant a petition for a restraining order under the DVPA. (*In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 702.) We review such an order for abuse of that discretion. (*Burquet v. Brumbaugh* (2014) 223 Cal.App.4th 1140, 1143.) We also consider the evidence supporting such an order under the substantial evidence standard. (*Ibid.*) Under that standard, we determine whether, on the entire record, there is any substantial evidence, contradicted or uncontradicted supporting the trial court's findings. (*Ibid.*) We must accept as true all evidence supporting the trial court's findings and resolve every conflict in favor of the court's order. (*Ibid.*)

# II.  Appellant forfeited her challenge due to her one-sided presentation of the evidence

Appellant contends the trial court erred in issuing a restraining order, arguing she acted in self-defense and was the victim of violence. "A party who challenges the sufficiency of the evidence to support a finding must set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable." (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218.) "An appellate court will consider the sufficiency of the evidence to support a given finding only after a party tenders such an issue together with a fair summary of the

3

evidence bearing on the challenged finding, particularly including evidence that arguably supports it." (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409-410.)

The presumption is that the record contains evidence to sustain every finding of fact, and, thus, an appellant who challenges a finding is required to set forth in the opening brief all the material evidence on that issue or finding and not merely evidence favorable to his or her position. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) If they do not, the error is deemed waived. (*Ibid.*)

Here, appellant highlights the evidence that supports her arguments, e.g., respondent's derogatory language and her self-defense. She fails to set forth, discuss, and analyze other evidence supporting the court's findings. Notably, she omits discussion of the following testimony: when respondent refused to let appellant inside, she broke down the door, seized a segment of the door frame with two nails that she used to strike and stab respondent. Appellant also neglects to discuss the trial court's finding that she was not credible because she gave conflicting testimony that "didn't make any sense." The result is that appellant's presentation is one-sided, inadequate, and warrants the conclusion she has forfeited any claim concerning the sufficiency of the evidence supporting the restraining order. Despite this, we address the merits of appellant's arguments on appeal.

III. **Issuance of restraining order was not an abuse of discretion**

Appellant argues no grounds existed for the restraining order, emphasizing she was the victim of the violence and highlighting the primary incident in 2019. The DVPA is intended "'to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the

domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence.'" (*J.H. v. G.H.* (2021) 63 Cal.App.5th 633, 640-641; see § 6220.) "Under the DVPA, a court may issue a protective order "'to restrain any person for the purpose of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved" upon "reasonable proof of a past act or acts of abuse."'" (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 115.)

Here, the parties lived together and experienced a violent incident involving a broken door frame used as a weapon. Additionally, evidence was offered to support respondent's claim that appellant had injured their four-year-old child. Despite appellant's denial of the abuse and self-defense claim, the trial court found her to lack credibility.

While the door frame incident took place two years prior to the June 2021 hearing, "[t]he length of time since the most recent act of abuse is not, by itself, determinative." (§ 6301, subd. (c).) "The court shall consider the totality of the circumstances in determining whether to grant or deny a petition for relief." (*Ibid.*)

Further, the DVPA protects against more than just physical violence and threats. Disturbing the peace or "destroying the mental or emotional calm" of the other party is considered abuse under the DVPA. (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1498.) In addition to appellant's violent acts during the door frame incident, there was also evidence she had engaged in child abuse against the four year old in January 2021, and she disturbed the peace of the household by using derogatory terms to describe respondent and the children. As the parties were still living together, a restraining order would ensure a period of separation sufficient to enable the parties to seek a resolution of the causes of the violence. It was not an abuse of

discretion to issue a restraining order to prevent the recurrence of violence and abuse.

## IV. Court did not abuse its discretion by examining witnesses

Appellant contends the trial judge erred by examining the parties before allowing the attorneys to question them. "A trial judge may examine witnesses to elicit or clarify testimony [citations]. Indeed, 'it is the right and duty of a judge to conduct a trial in such a manner that the truth will be established in accordance with the rules of evidence.' [Citation.] The trial judge, however, must not become an advocate for either party or under the gui[s]e of examining witnesses comment on the evidence or cast aspersions or ridicule on a witness." (*People v. Rigney* (1961) 55 Cal.2d 236, 241.)

Here, the trial judge examined the witnesses to elicit testimony in an organized fashion. Appellant fails to identify any instance where the judge acted as an advocate for either party or used questions to cast aspersions or ridicule either witness. Our independent review of the record confirms that the judge's examination was proper and did not hinder the parties' ability to present their cases.

## DISPOSITION

The order is affirmed.

CHAVEZ, J.

We concur:

ASHMANN-GERST, Acting P. J.          HOFFSTADT, J.

6