Filed 7/31/25  Mary B. v. Andrew B. CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MARY B.,<br><br>    Respondent,<br><br>    v.<br><br>ANDREW B.,<br><br>    Appellant. | D084594<br><br><br>(Super. Ct. No. 18FL006172C) |

APPEAL from an order of the Superior Court of San Diego County, Alana W. Robinson, Judge.  Affirmed.

Andrew B. in pro. per. for Appellant.

No appearance for Respondent.


Andrew B. and Mary B. are in the midst of divorce and child custody proceedings.  Representing himself, Andrew appeals from a domestic violence restraining order prohibiting him from abusing Mary and significantly limiting his contact with her.  Andrew contends there is insufficient evidence of domestic violence.  On the limited record before us—which does not include any reporter's transcript—we must affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Andrew and Mary legally separated in 2018. In May 2024, while divorce and custody proceedings were ongoing, Mary requested a domestic violence restraining order seeking protection from Andrew on behalf of herself and their two children. In her request, signed under penalty of perjury, Mary generally asserted that Andrew was verbally and emotionally abusive, particularly when drinking. He repeatedly became intoxicated at her residence when the children were home and refused to leave. He argued with her, used profanity, raised his voice, insulted her parenting, and "point[ed] his butt at [her] and slapp[ed] it" multiple times. She provided some specific examples of the abuse.

Most recently, Andrew and their 15-year-old daughter got into an argument when he refused to leave the house. The altercation turned physical when the daughter began punching and kicking him. He held her away from him by her shoulders. On another occasion, Andrew and their daughter got into a physical fight that caused the daughter to fall and injure her knee.

In April 2024, Andrew took their 12-year-old son to a hobby store. Before and after the store, however, they stopped for Andrew to drink beer. The son called Mary to pick him up from a brewery. When she arrived along with their daughter, she agreed to give Andrew a ride. He began arguing with her and "putting [her] down" until he got out of the car. Mary stated that on many occasions Andrew drank alcohol around their son, despite a court order not to drink before or while spending time with the children.

In July 2020, Andrew became drunk in Mary's backyard. When she told him to leave, he refused and verbally abused her. She called the police,

2

and he continued cussing at her and "rag[ing]" while he was being arrested. Mary characterized this incident as "typical" behavior from Andrew.

Andrew field a written response to the restraining order request. He flatly denied all of the behavior that Mary described. In his view, any sort of restraining order was impractical and unnecessary. And although he moved out of the family home in 2018, he claimed that he retained the right to work out of the garage and in the backyard, where he kept some tools and materials.

The trial court held a hearing in June 2024. The minute order of the hearing indicates that both parties testified under oath, but there was no court reporter present to transcribe what was said. The court ultimately found by a preponderance of the evidence that Mary was the victim of domestic violence at the hands of Andrew. It ordered Andrew to not abuse Mary; to stay at least 100 yards away from her, except to briefly and peacefully exchange the children; to move his belongings from her home; and not to contact her, with the exception of using e-mail to discuss the divorce and the Talking Parents platform to discuss the children. The orders were to last three years. The court denied the request to include the children as protected persons.

## DISCUSSION

Andrew asks us to set aside the restraining order because he believes there was insufficient evidence to show he committed domestic violence.

The purpose of the Domestic Violence Prevention Act (DVPA) "is to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the

3

violence." (Fam. Code,[1] § 6220 et seq.) Under the DVPA, the trial court can issue a restraining order if an affidavit or testimony "shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse." (§ 6300, subd. (a).) The court may issue a restraining order "based solely on the affidavit or testimony of the person requesting the restraining order." (*Ibid.*)

The DVPA defines "abuse" to include "any behavior that has been or could be enjoined pursuant to Section 6320." (§ 6203, subd. (a)(4).) In turn, the behavior described in section 6320 includes molesting, attacking, threatening, harassing, destroying personal property, or disturbing the peace of the other party. (*Id.*, subd. (a).) "[D]isturbing the peace of the other party" means "conduct that, based on the totality of the circumstances, destroys the mental or emotional calm of the other party." (*Id.*, subd. (c).)

Generally, a trial court has broad discretion in determining whether to grant a request for a restraining order under the DVPA. (*In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 702.) "On review of an order granting or denying a protective order under the DVPA, we consider whether the trial court abused its discretion. . . . ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court" '. . . . We accept as true all evidence tending to establish the correctness of the trial court's findings, resolving every conflict in the evidence in favor of the judgment. . . . Under the substantial evidence test, the pertinent inquiry is whether substantial evidence supports the

---

[1]     Further undesignated statutory references are to the Family Code.

court's finding—not whether a contrary finding might have been made." (*Ibid.*, internal citations omitted.)

Here, substantial evidence supports the trial court's finding of domestic violence against Mary. In her sworn request for a restraining order, Mary described multiple instances in which Andrew got drunk and then argued with her, criticized her, and profanely insulted her. More than once, he got drunk on her property when the children were home—against her wishes and a court order—and refused to leave when she asked. This evidence supports a finding that Andrew disturbed Mary's peace.

If Mary or Andrew provided additional or different testimony at the June hearing, we must assume the testimony supports the trial court's findings because we do not have a reporter's transcript (or settled statement) of the hearing to review. (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*"]; see also Cal. Rules of Court, rule 8.137(a) [a settled statement is a summary of the trial court proceedings, approved by the court, that may be used instead of a reporter's transcript].)

Andrew maintains he had a right to be in the backyard of the family home based on a 2018 written agreement to complete a "garden project" there, as well as his First Amendment right to express himself artistically. But the record before us does not include any such written agreement and we do not know whether it was discussed with the court during the restraining order hearing. We therefore have no way to evaluate its relevance, if any. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 ["it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily

presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment"].)  Moreover, even if Andrew had the right to be in Mary's backyard, that does not mean he can engage in any type of behavior he chooses to.  " '[T]he First Amendment does not guarantee the right to harassment of another' " and restricting speech that constitutes abuse under the DVPA does not " 'amount to a prohibited restraint of protected speech.' " (*Jan F. v. Natalie F.* (2023) 96 Cal.App.5th 583, 594.)

## DISPOSITION

The order is affirmed.

DATO, J.

WE CONCUR:

IRION, Acting P. J.

DO, J.

6