Filed 6/8/26  Heale v. Pratt CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LARA HEALE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ADAM MCCURDY PRATT,<br><br>    Defendant and Appellant. | G065040<br><br>(Super. Ct. No. 24V001838)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham, Judge. Affirmed.

Adam McCurdy Pratt, in pro. per., for Defendant and Appellant.

Lara Heale, in pro. per., for Plaintiff and Respondent.

\*              \*              \*

Adam Pratt appeals the trial court's grant of a domestic violence restraining order (DVRO) against him sought by his ex-girlfriend, Lara Heale. Pratt claims the court erred by improperly admitting and crediting Heale's evidence and refusing to admit or consider his evidence. We find no error and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Heale filed a request for DVRO against Pratt on July 22, 2024, claiming Pratt refused to let her leave his home and took her keys and purse. Heale claimed she escaped and ran to Pratt's friend's home. Heale alleged Pratt continued to call her and came to her home after the incident. She also alleged Pratt had harassed her with calls, e-mails, and voicemails, and stalked and threatened her by the same means.

Heale attached several e-mails from Pratt to her containing obscene and threatening language. She also attached call history logs showing numerous phone calls from a "No Caller ID" number.

On July 22, 2024, the trial court issued a temporary restraining order (TRO) through August 12 and scheduled a hearing for that date. The TRO prohibited Pratt from contacting Heale or her children and ordered Pratt to stay at least 100 yards away from Heale.

Heale was unable to serve Pratt before the first hearing and asked for a continuance. The trial court rescheduled the hearing to September 26 and extended the TRO to the new hearing date. Heale was finally able to serve Pratt via posting, after obtaining permission from the court.

Pratt appeared on September 26 and asked for a continuance. The court granted a continuance to October 24 and kept the TRO in effect.

Pratt then filed his own application for DVRO, alleging Heale was the one who had verbally abused and threatened him. Pratt attached several e-mails from Heale containing heated and obscene language toward him.

At the hearing, Heale presented the trial court with a binder containing printouts of e-mails and call histories. She also gave a copy of the binder to Pratt. Heale testified that, despite the TRO, Pratt had continued to call her up until the night before the hearing. In fact, she said he had called her six times in a row at midnight and left voicemails. When the court asked Pratt whether this was true, he admitted he had called Heale more than once, though he claimed there were benign reasons for doing so.

The court issued the DVRO in favor of Heale and against Pratt, finding he had perpetrated domestic violence. The DVRO expires in 2027. The court then denied Pratt's request for DVRO.

Pratt timely appealed.

DISCUSSION

Pratt argues the trial court erred in three ways: (1) it issued the DVRO based on evidence which he claimed was inconsistent and unsupported; (2) it admitted only Heale's evidence and not his, violating his right to due process; and (3) it admitted unauthenticated material in Heale's binder of evidence. We review the grant of injunctive relief for abuse of discretion. (*Rodriguez v. Menjivar* (2015) 243 Cal.App.4th 816, 820 (*Rodriguez*).)

The trial court may issue a DVRO after a hearing "to restrain any person for the purpose specified in Section 6220, if an affidavit or testimony and any additional information provided to the court pursuant to Section 6306, shows, to the satisfaction of the court, reasonable proof of a

3

past act or acts of abuse. The court may issue an order under this part based solely on the affidavit or testimony of the person requesting the restraining order." (Fam. Code, [1] § 6300, subd. (a).) The "purpose specified in Section 6220" is "to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.) "[A]buse under the [Domestic Violence Prevention Act] includes physical abuse or injury, as well as acts that 'destroy[] the mental or emotional calm of the other party.'" (*Rodriguez*, *supra*, 243 Cal.App.4th at p. 820.)

Heale presented evidence to the trial court that Pratt had sent her numerous obscene and harassing e-mails in addition to preventing her from leaving his home on July 7. These actions would tend to destroy Heale's mental or emotional calm and render Pratt subject to a DVRO.

Pratt claims it was inconsistent for Heale to allege that the first incident took place on July 7, 2024, while simultaneously alleging prior abuse. But this is not what Heale alleged. She completed the form application for DVRO and discussed the July 7 incident under the category "Most Recent Abuse," along with conduct occurring prior to that date. The fact that Heale discussed the most recent abuse did not preclude her from notifying the court of abuse that allegedly occurred *prior* to July 7.

Pratt also contends Heale presented no witnesses and submitted no declarations. She need not have. The court heard her testimony, which is sufficient under section 6300, subdivision (a).

---

[1] All further statutory references are to the Family Code.

Pratt's next argument is that the trial court erred by not admitting his evidence. This is an inaccurate characterization of the proceedings. Before making its ruling, the court stated that it "reviewed the declarations from both parties," and "heard the testimony from both sides." The level of proof required for issuance of a DVRO is a preponderance of the evidence. (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 137.) The court has broad discretion in determining whether that level of proof has been met. (*In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 702.)

Here, the trial court allowed Heale to present her evidence first as the moving party but then allowed Pratt to respond to it. Pratt claimed he had not had a chance to review Heale's binder but then began discussing other matters. The court had to interrupt him several times to keep him focused, but was asking him questions all the while to ascertain his response to Heale's allegations.

The trial court allowed Pratt to read into the record a text message sent to him by Heale seemingly exploring whether they could avoid the need for a DVRO.[2] It then asked Heale whether she sent the message; she conceded she did, but stated she was trying to get Pratt to agree not to call her if she agreed not to proceed with the DVRO hearing. Instead, Pratt continued to call her.

At this point, the trial court turned back to Pratt to ask whether he was continuing to call and e-mail Heale. Pratt did not answer the question directly, which caused the court to interrupt him and ask: "If you don't want

_____

[2] The text read in part: "We can cancel it like the other couple did. We can both move on our way. That way you do not have a permanent restraining order on the record and I won't have to see you in court again."

to contact her anymore, . . . then why have you continued to call her up until last night?" Pratt responded that he wanted to know if Heale was still proceeding with the hearing. He admitted he had called her more than once the previous night.

In Pratt's reply brief, he contends the trial court did not admit threatening e-mails made by Heale. This is also inaccurate. At the hearing, the trial court recognized Pratt had made a mutual request for a restraining order. Pratt confirmed that "everything" in his declaration was "true and correct." When Pratt began to mention Heale calling his "ex-wife," the court stated, "I have it on the declaration." Pratt's declaration alleges that Heale had threatened to "use a gun or other weapon," and had caused him "emotional or physical harm."

The e-mails referenced in Pratt's reply brief are attached to his declaration filed in support of his request for DVRO. Although the trial court did not expressly mention the e-mails, the record confirms the court reviewed Pratt's declaration. The court acknowledged that the declaration referred to Pratt's "ex-wife," which showed the trial court was familiar with the contents of Pratt's declaration. Thus, we can reasonably infer that the court was also aware of the threatening e-mails mentioned in Pratt's reply brief, and considered them under section 6300, subdivision (a), as part of Pratt's declaration.

The combination of Heale's testimony and Pratt's admissions were sufficient for the trial court to determine that Pratt was the instigator of the communications between the two parties. Since Pratt was already bound by the July 22 TRO and had violated it, the court was within its discretion to find he was the perpetrator of the abuse. There was no error.

6

Finally, Pratt's reply brief asserts that the trial court improperly considered unauthenticated "screenshots of alleged text messages, app verification codes, and email notifications." The record on appeal does not include Heale's binder of evidence marked as exhibit 1 for identification. The record does not reflect that Pratt objected to the court's consideration of exhibit 1, or that he directed the court to the items identified in his reply brief. Thus, Pratt has not preserved this issue on appeal. (*Anaheim Police Dept. v. Crockett* (2026) 118 Cal.App.5th 606, 621 ["An objection to the admission of evidence must be 'timely made' and address the 'specific ground of the objection' in order to preserve the issue for appeal"].)

Further, even if the evidence identified in Pratt's reply brief was inadmissible, there was still other evidence that sufficiently supported the trial court's decision as discussed above. The California Constitution only requires reversal for improper admission of evidence if there has been a miscarriage of justice. (Cal. Const., art. 6, sec. 13; *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 ["Thus, 'a "miscarriage of justice" should be declared only when the court, "after an examination of the entire cause, including the evidence," is of the "opinion" that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error'"].)

## DISPOSITION

The judgment is affirmed. Respondent to recover her costs on appeal.


SCHWARM, J.*

WE CONCUR:


GOODING, ACTING P. J.


SCOTT, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.