Filed 12/9/25  Marriage of G.H. and D.W. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of G.H. and D.W.<br><br>G.H.,<br><br>    Respondent,<br><br>v.<br><br>D.W.,<br><br>    Appellant. | E084237<br><br>(Super. Ct. No. RID1500117)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Sharunne L. Foster, Judge.  Affirmed.

D.W., in pro. per., for Appellant.

No appearance for Respondent.

1

# I.

## INTRODUCTION

D.W., proceeding in pro. per., appeals the family court's order issuing a domestic violence restraining order (DVRO) against her at the request of her ex-husband, G.H. We affirm.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

D.W. and G.H. had M.H.W. in March 2014, and they have had consistent custody disputes over him since G.H. filed this family law case within months of M.H.W.'s birth. This appeal concerns only the family court's restraining order rulings issued in July 2024.

G.H. and D.W. filed respective requests for DVROs against one another. G.H.'s request stemmed from an incident that occurred at M.H.W.'s school when G.H. was picking him up. G.H. alleged that D.W.'s boyfriend approached him "aggressively," started "cursing at [him]" and got "in [his] face saying all this derogatory language," and shoved him twice. As D.W.'s boyfriend did so, D.W. repeatedly yelled from about five feet away, "'Put him in his place. Put him in his place.'" G.H. recorded the incident on his cell phone and provided a copy of the video to the court at the hearing on his request for a restraining order.

---

[1] Given our conclusion that D.W. failed to provide an adequate record, we provide only a brief overview of the facts and procedural background.

2

Based largely on what the family court could discern from the video recording, the court found that G.H. was entitled to a DVRO. The court therefore issued a three-year DVRO against D.W.

## III.

## DISCUSSION

D.W. asks us to reverse the family court's DVRO. She contends the family court erred because she was not part of the incident at M.H.W.'s school and "the video he provided showed only himself and a third party involved in the incident."

The appellant bears the burden of providing an adequate record on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) When an appellant fails to provide an adequate record, we cannot meaningfully review the trial court's decisions. (*Ibid.*) As a result, an appellant's "'[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the] appellant.'" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) In other words, when the appellant fails to provide an adequate record, we assume everything the trial court did was correct and that it should be affirmed. (See *Jameson v. Desta*, *supra*, at p. 609.)

D.W.'s appeal rests on her argument that the family court erred by relying on the video G.H. provided in issuing the DVRO. We therefore need to review the video to properly consider D.W.'s appeal since we necessarily cannot determine whether the family court properly relied on the video or whether the family court accurately recounted on the record what the video captured. It appears a copy of the video was not

"lodged, filed, or otherwise retained" by the family court, so it is not in our record on appeal. From what we can discern, D.W. has not tried to get a copy of the video (or a transcript of the video) into the record on appeal.

As the appellant, D.W. had to provide us with an adequate record. D.W. failed to do so by omitting a copy of the video from the record. We therefore have no choice but to affirm the family court's DVRO. (*Jameson v. Desta*, *supra*, 5 Cal.5th at p. 609.)

However, "[t]o the extent the court relied on documents not before us, our review is hampered. . . . But on the record we have, [D.W.] has not shown error." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.)

The family court may "issue a protective order 'to restrain any person for the purpose' of preventing a recurrence of domestic violence and ensuring a period of separation of the persons involved." (*Rodriguez v. Menjivar* (2015) 243 Cal.App.4th 816, 820.) The court may issue the protective order on the basis of an affidavit or testimony that shows "reasonable proof of a past act or acts of abuse." (Fam. Code, § 6300, subd. (a).) "Abuse is not limited to the actual infliction of physical injury or assault." (Fam. Code, § 6203, subd. (b).) Abuse also includes intentionally or recklessly causing or attempting to cause bodily injury, and placing a person in reasonable apprehension of imminent serious bodily injury to that person or another. (Fam. Code, § 6203, subd. (a)(1), (3).)

We review the family court's decision to issue a DVRO for an abuse of discretion. (*Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 115.) We review for substantial evidence the court's express and implied factual findings underlying the restraining order. (*In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 702.) "We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

G.H.'s testimony at the hearing provided substantial evidence for the family court to issue a restraining order against D.W. (*In re Marriage of Ankola* (2020) 53 Cal.App.5th 369, 379 ["'The testimony of one witness, even that of a party, may constitute substantial evidence'" supporting the issuance of a DVRO].) G.H. testified that D.W.'s boyfriend aggressively approached him as he was picking up M.H.W. at school, verbally accosted him, and shoved him at least twice, all while D.W. encouraged her boyfriend by repeatedly saying, "'Put him in his place.'" G.H. feared for his safety and his family's safety due to the incident.

From this evidence, the family court could reasonably find that D.W. orchestrated the altercation by bringing her boyfriend to M.H.W.'s school when she knew G.H. would be picking him up, instructed her boyfriend to accost G.H., and encouraged him while he did so. It is immaterial that D.W. did not directly contact G.H. and instead relied on her boyfriend to harass him. (Cf. *Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1405, 1411,

5

1413 [defendant's letters sent to plaintiff's daughter were sufficient to show a harassing course of conduct directed at plaintiff because defendant knew plaintiff would read the letters].) D.W. claims she was "far away" when the incident occurred and was not involved with it, but G.H.'s testimony was sufficient for the court to find otherwise. (See *Schild v. Rubin*, *supra*, 232 Cal.App.3d at p. 762.) D.W.'s conflicting testimony does not change that result, nor does it justify reversing the family court's DVRO. (See *Leung v. Verdugo Hills Hospital* (2012) 55 Cal.4th 291, 308 [appellate court conducting substantial evidence review resolves conflicting evidence in favor of affirming the trial court].)

D.W. nonetheless contends the family court erred in three other respects. None has merit.

First, she argues the restraining order should not have issued under Family Code section 6211 because she was "not a perpetrator of abuse against anyone." But "abuse" for purposes of a DVRO is not limited to physical abuse; it can include "molesting" and "harassing." (Fam. Code, § 6320, subd. (a).) And, again, the fact that she allegedly did not *directly* harass or attack G.H. is immaterial. A DVRO may be issued to prevent a former spouse from "either directly or indirectly" contacting or "disturbing the peace of another party." (*Ibid*.) And "[t]his conduct may be committed directly . . . through the use of a third party." (*Id*., subd. (c).)

Second, D.W. argues the family court did not allow her the opportunity to cross-examine G.H., in violation of Evidence Code section 776. D.W. does not cite anything in the record to support this argument, so it is forfeited. (*Dietz v. Meisenheimer & Herron*

6

(2009) 177 Cal.App.4th 771, 800.) In any event, we have reviewed the transcript of the DVRO request hearing and there is no indication that D.W. asked for but was denied the opportunity to examine G.H.

Third, G.H. argues the family court violated California Rules of Court, rule 2.1040[2] by allowing G.H. to present the video of the altercation without sending it to her before the hearing and failing to provide a transcript of the video at any point. We conclude D.W. forfeited the argument.

When the hearing began, D.W. told the court she had not received a copy of the video, so the family court put the hearing "on second call . . . in order for the parties to exchange all evidence." D.W. never objected that she did not receive a transcript of the video. Because the video was only 45 seconds long, the break took only a few minutes, and the hearing promptly resumed afterward without any further objection from D.W. By failing to object that she did not timely receive a copy of the video or a transcript of it before the hearing, D.W. forfeited any objection that G.H. and/or the family court violated California Rules of Court, rule 2.1040. (See *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 725.)

---

[2] Rule 2.1040(b)(1) provides in relevant part that "before a party may present or offer into evidence any electronic sound or sound-and-video recording not covered under (a) [pertaining to depositions or other prior testimony], the party must provide to the court and to opposing parties a transcript of the electronic recording and provide opposing parties with a duplicate of the electronic recording."

IV.

DISPOSITION

The family court's custody orders of August 3, 2023, are affirmed.  G.H. may recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

8