Filed 12/29/25  Soukhaseum v. Gido CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SENG SOUKHASEUM,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>YVONNE GIDO,<br><br>Defendant and Respondent. | B344563<br><br>(Los Angeles County<br>Super. Ct. Nos. 24STRO05008,<br>24STFL07845) |

APPEAL from an order of the Superior Court of Los Angeles County, Anne Kiley, Judge.  Affirmed.

Seng Soukhaseum, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

Seng Soukhaseum appeals from an order in which the trial court: (1) granted respondent Yvonne Gido's request for a domestic violence restraining order (DVRO) against Soukhaseum, and (2) denied Soukhaseum's request for a DVRO against Gido. In an unpublished opinion, we affirmed the grant of a restraining order against Soukhaseum. (*Soukhaseum v. Gido* (Nov. 24, 2025, B343581) [nonpub. opn.].) In the instant appeal, Soukhaseum challenges the ruling denying her requested DVRO.[1]

The court held a combined hearing on the two requests in November 2024. Soukhaseum and Gido both testified that, over the preceding two years of their marriage, they fought frequently, and their fights typically became physically violent. Each claimed the other was the aggressor. Each claimed the other was emotionally abusive and controlling. The parties also offered conflicting versions of a July 7, 2024 incident that resulted in Gido obtaining an emergency restraining order against Soukhaseum. No other witnesses testified.

---

[1] Soukhaseum may have forfeited the arguments challenging the denial of her DVRO request, because she did not raise them in appeal No. B343581 despite their being "ripe for decision by the appellate court at [that] time." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538; see *id.* at p. 536.) Nonetheless, we exercise our inherent discretion to address them. We are cognizant that a lay person might reasonably understand the DVRO issued against Soukhaseum to be distinct from the court's order granting Gido's DVRO request. We also note that Soukhaseum filed the two notices of appeal on the same day, and that this court did not consolidate them.

Both parties offered photographs and other documents to support their respective requests.  Gido offered an audio recording of the couple fighting, during which Soukhaseum threatens to have Gido deported, something Soukhaseum testified she has never done.

The court "considered the totality of the circumstances," including "the demeanor of the parties," and "assessed the[ir] credibility."  The court found Gido credible; more specifically, it found credible her testimony that Gido feared for her safety and that Soukhaseum had abused her.  The court noted that Soukhaseum had admitted to "many" of the instances of abusive behavior to which Gido had testified.  The court concluded that Gido had met her burden of showing abuse sufficient to support her restraining order request, and that Soukhaseum had not met her burden to support her request.

## DISCUSSION

Soukhaseum argues the court misapplied the statutory definition of "abuse" in analyzing her DVRO request.  (See Fam. Code, § 6203 [defining abuse for purposes of DVRO].)[2] According to Soukhaseum, the court "focus[ed] primarily on physical injury [and] minimiz[ed] non-physical acts" that, in her view, constitute abuse under section 6203.  Nothing in the reporter's transcript or minute order suggests the court took such an approach.  Nor does Soukhaseum provide record support suggesting it did.  The court did not apply " ' "incorrect legal assumptions." ' " (*In re Marriage of D.S. & A.S.* (2023) 87 Cal.App.5th 926, 933.)

---

[2] All further statutory references are to the Family Code.

Soukhaseum next argues the court erred by "fail[ing] to accord proper weight to" the "undisputed facts" that Gido threatened Soukhaseum with a knife in 2023 and grabbed the steering wheel while Soukhaseum was driving during the July 7, 2024 incident. Soukhaseum argues that these actions, particularly considered in the context of Gido's "sustained verbal attacks[ ] and economic control," compel the conclusion that Gido abused Soukhaseum by disturbing her peace within the meaning of sections 6320 and 6203. (See § 6203, subd. (a)(4) [cross-referencing section 6320]; § 6320, subd. (c) [defining "disturbing the peace"].)

Soukhaseum's testimony is the only support for her claim that Gido threatened Soukhaseum with a knife, and the court found Soukhaseum not credible. The court instead believed Gido's version of events, in which Gido never threatened Soukhaseum with a knife, but rather slept with a knife beside her because she feared Soukhaseum. We do not revisit the trial court's credibility determinations. (*Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 786 (*Nevarez*).) Rather, "[w]hen witnesses give conflicting factual accounts and the fact finder makes credibility assessments to resolve these conflicts, we defer to the fact finder's determinations." (*RMR Equipment Rental, Inc. v. Residential Fund 1347, LLC* (2021) 65 Cal.App.5th 383, 392; accord, *Martinez v. BaronHR, Inc.* (2020) 51 Cal.App.5th 962, 966–967.)

As to the July 7, 2024 incident, although Gido admitted she grabbed the steering wheel, we disagree with Soukhaseum that the court acted outside its discretion in deeming this insufficient to justify a DVRO. Nothing requires the court to find this single act constitutes abuse. (See *In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 702 [trial court "has broad

4

discretion in determining whether to grant a petition for a restraining order"].) Rather, the court must exercise its judgment to determine whether a restraining order could help prevent abuse or threats from occurring in the future. (See §§ 6220, 6300.) The court considered all the evidence, chose to believe Gido's testimony that she grabbed the wheel to protect herself in response to Soukhaseum's threatening behavior and refusal to stop the car, and determined that this does not constitute abuse warranting a DVRO. Soukhaseum has a different perspective, but we may not re-evaluate the evidence. (See *Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822; see also *In re Marriage of G.* (2017) 11 Cal.App.5th 773, 780 [" ' "[w]hen two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court" ' "].)

Finally, Soukhaseum argues that "[t]he court's credibility findings lack substantial evidence and ignore undisputed record facts." She points to inconsistencies between Gido's in-court testimony regarding ancillary issues and other evidence. These are not a basis for us to second-guess the court's credibility determination. "[T]he testimony of a single witness is sufficient to uphold a judgment even if it is contradicted by other evidence, inconsistent or false as to other portions." (*People v. Leigh* (1985) 168 Cal.App.3d 217, 221.) Extreme circumstances may warrant occasional exceptions to the deference we show a trial court's credibility determinations—for example, when a court's finding that testimony is credible is inherently improbable (*TRC Operating Co., Inc. v. Chevron USA, Inc.* (2024) 102 Cal.App.5th 1040, 1106; *Nevarez, supra*, 227 Cal.App.4th at p. 786), or when there was "no rational ground" for the trial court to disbelieve a

5

witness it deemed not credible (*In re Jessica C.* (2001) 93 Cal.App.4th 1027, 1043).  Soukhaseum identifies no such extreme circumstances, nor have we in our independent review of the record.

## DISPOSITION

The order is affirmed.  The parties shall bear their own costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



BENDIX, J.



M. KIM, J.


6